## Morrison, Administrator v. Morrison.

1 When the defendant demurs and pleads to the same part of the declaration, and the issues of fact are tried, he is presumed to have waived his demurrer.

2. But the same strictness in pleading is not necessary in cases of appeal or *certiorari* from justices' judgments; nor is it correct practice to drive a party to his demurrer, it being the duty of the Court in such cases, to expunge any plea not presenting issuable matter, and to direct proper issues.

3. The action of debt will lie upon a decree or order of the County Court. directing a sum of money to be paid by an administrator, which does not appear from inspection to be void

4. And if such decree be made unadvisedly, it will continue operative until vacated by a higher tribunal, but it *does not necessarily follow* from such decree being a record, that execution may issue, to compel its satisfaction; this depending upon the extent of powers, and manner of organization of the Court rendering it.

5. Every thing compatible with the record will be intended, to sustain the judgment below; hence it will be presumed that the decree was rendered upon the final apportionment of an insolvent estate, and so pursued the legal liability.

This was an action of debt, first instituted before a justice of the peace for Dallas county, upon an order or decree of the Orphan's Court of that county, directing the payment of a sum of money by R. C. Morrison, plaintiff in error, as administrator of Allen Orr, deceased. The order of the Orphan's Court, appears from a certificate of the clerk, which sets forth that "a settlement of the estate of Allen Orr, deceased, took place by the Judge of said Court, at which there was presented or on file, a claim against said estate, in the name of Robert Morrison, for the sum of thirty nine dollars and thirty cents; and it having been made appear to the Court, that the estate was insolvent and unable to pay its debts in full, the said Court decreed that the administrator of said estate, should pay to each one of the claimants, seventy five and three fourths cents in the dollar. Therefore, Robert C. Morrison, administrator of said estate, stands bound by the final decree of said Orphan's Court, to pay to the above claim of, or in the name of Robert Morrison, the sum of twenty nine dollars and seventy seven cents." The justice gave judgment in favor of the defendant in error, who sued for the use of W. Orr, for the amount thus awarded; from which the plaintiff in error appealed to the Circuit Court. In that Court the plaintiff in error filed a general demurrer to the statement of the cause of action, and pleaded five pleas: 1st. *Nul tiel record;* 2d. non assumpsit; 3d. *nil*

*debet*; 4th. that he had disagreed to the order, the claim not being due; 5th. that there are yet outstanding debts against the estate, which were presented to the administrator, and to the Court making the order, and which were due and unpaid, and were disallowed by the Court, though admitted to be just by the administrator. To the two last pleas, the defendant in error demurred. The cause was tried at April term, 1830, when verdict and judgment were given for the defendant in error. The plaintiff in error thereupon sued his writ of error to this Court, and here assigns as cause of error, 1st. the Circuit Court erred in overruling the plaintiff's and sustaining the defendant's demurrer; 2d. the action of debt will not lie upon the decree of the Orphan's Court; 3d. the judgment is against the plaintiff *de bonis propriis*, when it should have been *de bonis intestatis*.

H. G. PERRY, for the plaintiff in error. The record set out does not shew notice of the time or place of settlement, or notice to plaintiff in error that such settlement had been or would be made. The order is illegal and void in substance and form; it is the mere statement of the clerk that such proceedings had been had, and not a certified record. If the judge had power to make such decree, he had power to enter up a regular and formal judgment, on which execution could and should have issued. It is a power incidental to all Courts in this State, to carry into effect their orders, judgments and decrees. The record set out in the declaration, does not negative the plea of *nul tiel record*. The judge had no power to disallow claims, admitted just by the administrator. For the judge to have this power, would be to exercise the powers of the Circuit Court, which submits all matters of fact to a jury. If the judge of the Circuit Court cannot determine claims without, much less can the judge of the County Court. If it is or was intended to be given, why is it that the administrator may have a disputed fact tried, though abated by the representation of the insolvency of the estate. The record, if it is considered such, is not such an one as an action of debt will lie upon. It is at most but an implied promise to pay, and but *prima facie* evidence of liability.

PHILLIPS, for defendant in error. The defendant in error contends that the judgment or decretal order of a Court, is conclusive upon the rights of the parties thereto,

JANUARY 1831 unless it be reversed on a writ of error or *certiorari* by some superior tribunal, having power to review the same. Writs of error and *certiorari*, are the only means known to the law, by which one Court can question the validity of the acts of another of inferior jurisdiction; and if the plaintiff in error had been aggrieved by the decretal order of the County Court, he has a right by statute to appeal. It is denied that the County Court has implied or incidental power to issue execution upon decretal orders, because Courts exercising probate jurisdiction in England, have no authority at common law to enforce obedience to their acts, except by ecclesiastical censures; a kind of proceeding unknown to our tribunals. And it was this no doubt that suggested the necessity of the act passed in 1829, giving this power. The original record of the County Court was exhibited in evidence on the trial of this case in the Court below. In support of the positions assumed by the defendant, he would refer the Court to 6 Cowen's Reports, 494.

Morrison, Administrator v. Morrison.

By JUDGE COLLIER. The first point supposes a fact which the record does not sustain, neither the demurrer of the plaintiff or defendant seems to have been passed on by the Circuit Court. But as we are informed that other cases await the decision of this, we will consider it upon the state of fact shewn by the record. This Court have repeatedly decided, that when the defendant pleads and demurs to the same point of the declaration, and the issues of fact are tried, he shall be supposed to have waived his demurrer. The same strictness in pleading is not required in cases brought from justices of the peace, by appeal to the Circuit or County Court, as is necessary in cases in which these Courts exercise original jurisdiction. The Court is invested with a control of the pleadings, of its mere motion, and the issue is required to be made up under the direction of the judge. If the Court in the exercise of this power, acts with caution so as not to compromit the rights of either of the parties, neither has a right to complain. It is not a correct practice in appeals, to drive a party to his demurrer; it is the duty of the Court to scan the pleadings offered by the parties, and to expunge any plea which does not present issuable matter. From the omission of the record to shew a disposition of the fourth and fifth pleas, we might infer that the Court refused to regard them as meritorious, or else considered

them as superfluous.   If it was competent for the plaintiff
in error to impugn the verity of the decree or order, for
matters extrinsic, the plea of *nil debet* and *non assump-*
*sit*, both of which were accepted, would allow the intro-
duction of all proof that could be adduced under the fourth
and fifth pleas; so that the plaintiff, by the omission of the
Court to pass on them, cannot have been injured.   In
*Bond v. Hills & Fay*,[a] we have decided that where a [a] Ante 283.
plea amounting to the general issue was not disposed of,
if the case was tried on the general issue, this was not
error, because it would be presumed that the defendant
had the full benefit of it on trial.

2d.  We think it unquestionable that an action of debt
will lie on a decree or order of the Judge of the County
Court, directing the payment of a sum of money by an
administrator, which does not appear from inspection to
be void.   The decree is not set out so as to enable us to
determine whether it be void; true there is a certificate of
the Clerk of the County Court, professing to describe it,
but as there is no authority for its insertion in the record,
we cannot regard it.   If the decree be made unadvisedly,
it will continue operative until vacated by a higher tribu-
nal, and the legislature in making it the subject of revision,
upon appeal, or writ of error, have invested it with the
characteristics of a record; and when sued on, it will be
held equally conclusive and resistless.   It is argued for
the plaintiff in error, that if the decree or order be enti-
tled to the dignity of a record, that an execution may issue
to compel its satisfaction from the Court that pronounced
it.   This is by no means a necessary consequence, the
right of a Court to issue execution, depends upon the ex-
tent of its powers and the manner of its organization.
This Court once furnished an instance of the truth of this
proposition; for several years after it was organized, it had
no authority to issue executions for costs.   It is observa-
ble that the decree was rendered in October, and the suit
commenced in December, 1829, before there was any law
in existence, which authorized the issuance of an execu-
tion upon it.

3d.  The form of a judgment against an administrator,
must always depend upon the nature of the liability, and
will be either *de bonis intestatis* or *de bonis propriis*, as
this may render proper.   We need not employ illustra-
tion upon this head, for the purpose of ascertaining the
correctness of the judgment, for the act in regard to in-

solvent estates, declares that every executor or administrator, after final apportionment of the estate among the creditors of the testator or intestate, shall be liable to the creditors for their respective shares.*a* The record does not discover on what occasion the Judge of the County Court rendered the decree, nor is the decree set out in the record, that we may learn what are its terms; we may however very well infer that it was such as was contemplated by the act referred to, and in accordance with previous decision; we must intend every thing compatible with the record, which will sustain the judgment. If then the decree was rendered upon the final apportionment of an insolvent estate, and the reverse no where appears, the judgment pursued the liability, was regular, and must therefore be affirmed.

Decree affirmed.