Miller *v.* Sandford.

HENRY H. MILLER, administrator &c.,

*v.*

DAVID P. SANDFORD and others.

A legacy charged on residuary realty and personalty was given to executors in trust, to pay the income to testator's son for life, and after his death to divide the principal among the son's children. There was not sufficient personalty, after paying debts, to pay the legacy in full.—*Held,*

(1) That sufficient real estate must be sold to raise the amount of the legacy.

(2) That the son, being an adult, was entitled to interest thereon only from one year after testator's death.

(3) That interest was payable on the whole amount of the legacy, although only a part of it had been realized.

Bill for construction of will.    On final hearing on bill and answer.

*Mr. J. Frank Fort,* for complainant.

*Mr. C. Borcheling Jr.,* for David P. Sandford.

THE CHANCELLOR.

Peter Sandford, late of the city of Newark, deceased, by his will dated November 1st, 1873, after ordering and directing payment of all his just debts and funeral expenses, gave to his executors the sum of $20,000 in trust, to invest it and keep it invested on first mortgages, with bonds, and to pay the interest and income thereof, half-yearly, to his son David P. Sandford for life, and at his death the principal to his children (or their lawful representatives), in equal shares, on their respectively attaining to the age of twenty-one years; the interest in the meantime, between David's death and the majority of the children, to go to the use of the latter. He then gave and devised to his sister-

in-law for life, the use and income of a house in Newark, and then gave, devised and bequeathed to his wife, for life, the use, interest and income of all the rest, residue and remainder of his estate, real and personal, and gave such rest, residue and remainder at her death to his executors, in trust, to invest it and pay the interest and income and rents and profits to his daughter for life, and at her death to divide the property between her children (or their lawful representatives), in equal shares, in the same manner as directed in the case of David's children. He then ordered and directed his executors and the survivor of them, to sell and convey in fee-simple the whole or any part of his real estate (except the property the use whereof he had given to his sister-in-law for life), when in their judgment it should seem for the best interest of his estate so to do. The bill states that there will not be sufficient personal estate, after the payment of debts, to pay the legacy of $20,000 in full; that David demands that the deficiency be made out of the testator's real estate; that he demands interest on the whole $20,000, notwithstanding the fact that the whole amount has not yet been raised, and that he demands, also, that such interest be paid from the time of the testator's death. The complainant seeks the instruction of this court in the premises.

The legacy of $20,000 is charged on the residuary real estate, and that real estate is to be sold, so far as necessary to raise the deficiency. The legacy is given generally, and the residuary real and personal estate are subsequently given in a mass. Under such circumstances the legacy is a charge on the residuary real estate, as well as on the personal estate. *Corwine* v. *Corwine, 9 C. E. Gr. 579.* The fact that an interest in land was given before the gift of the residuum, makes no difference. *Bench* v. *Biles, 4 Madd. 187; Hawkins on Wills 295; Theobald on Wills 475; Poulson* v. *Johnson, 2 Stew. 529.* The legacy bears interest from the end of one year from the death of the testator. *Hoagland* v. *Schenck, 1 Harr. 370.* The rule which allows

interest for support, on a legacy to a child, from the death of the testator, does not apply to adults. *Ibid.; Hennion's ex'r* v. *Jacobus, 12 C. E. Gr. 28 ; Howard* v. *Francis, 3 Stew. 444.* The interest is payable on the whole sum of $20,000, although only part of it has as yet been realized. *Hoagland* v. *Schenck, 1 Harr. 370.*