Welsh v. Brown.

---

JOHN C. WELSH, EXECUTOR, &c., OF CATHERINE WELSH, DECEASED, PLAINTIFF IN ERROR, v. ALETTA W. BROWN, DEFENDANT IN ERROR.

1. With respect to general legacies, the law has prescribed, as a general rule, that such legacies shall be raised and satisfied out of the testator's estate at the expiration of one year from his death. If not paid at the expiration of the year, interest from that time will be allowed as damages, and interest on a legacy will not be computed from a period prior to that time unless the will clearly expresses the intention that interest shall be reckoned from an antecedent time or event.

2. To this general rule there are certain exceptions, in cases of (1) a legacy in satisfaction of a debt; (2) a legacy to the testator's minor child or one to whom the testator is *in loco parentis*, and there is no provision for the maintenance of the legatee; (3) where the bequest is of an annuity; (4) where the bequest is of the residue of the testator's estate, or of some aliquot part or proportion thereof, in trust, to pay the interest or income to a legatee for life, with a gift of the principal over at his death. In these cases interest will be allowed from the testator's death.

3. A legacy of a specific sum of money—the interest whereof is payable annually to one for life—the principal being payable after his death to other persons, is not an exception to the general rule with respect to the payment of interest on legacies. The executor is not required to set apart the principal sum *before the end of the year*; and, until that be done, there is no fund to produce interest for the life tenant.

4. The testatrix gave to her niece, A. W. B., "the interest of twenty-five hundred dollars, to be paid to her annually by my executor," and directed that, at the death of the said A. W. B., "the said sum of twenty-five hundred dollars" should be divided equally among her children. *Held*, that under this bequest A. W. B. was entitled to

interest on the twenty-five hundred dollars only from the expiration of one year after the death of the testatrix.

5. Distinction ·between an annuity and a legacy of a specific sum—the interest or income of which is payable annually to a life tenant—with a gift of the principal over, stated.

On writ of error to Morris Circuit.

Catherine Welsh died on the 22d of April, 1874. By her will, dated April 20th, in the same year, she made to the plaintiff the following bequest:

"I do give and bequeath to my niece, Aletta Brown, my gold watch, my melodeon, my black ear-rings, my black furs, one set silver teaspoons (second choice,) my cashmere shawl, my brown silk dress, and the interest of twenty-five hundred dollars, to be paid to her annually by my executor; and at her death the said sum of twenty-five hundred dollars shall be paid to or divided equally among any child or children of hers that may then be living, or their heirs; but if the said Aletta Brown shall die leaving no children or grandchildren living, then I do order the said sum of·twenty-five hundred dollars divided equally among my heirs. I also give her all my mourning clothing."

She also gave sundry pecuniary legacies and specific legacies of personal property to different legatees, after which the will contained the following provisions:

"I do order that none of the legacies or interest herein given or bequeathed shall be due or payable during the lifetime of my mother, but that all interest that may accrue or become due on any obligations belonging to my estate shall be used for the comfort and support of my mother; and if said interest is not sufficient, then I do order my executor to pay out of my estate such sum as may become necessary for the support of my said mother and for her burial."

She further orders and directs as follows: "I do order and direct that all taxes that may be levied or assessed on any

money or interest herein bequeathed or given away shall first be deducted from the said money, and the balance paid, and said money or interest shall be subject to the taxes as long as it remains in the hands or control of my executor.      *    *    * I do order and direct that, after putting at interest a sum sufficient to pay the interest, and paying the legacies herein bequeathed, and after settling my estate, if any balance shall be found due my estate or in the hands of my executor, he shall then divide such sum, share and share alike, among my heirs."

This action was brought by Miss Brown, the legatee, against the executor of the deceased, to recover $175, one year's interest on the said sum of $2500, accruing between the 22d of April, 1874, and the 22d of April, 1875. The defendant demurred to the declaration, and the question designed to be raised by the demurrer was, whether, under the bequest to the plaintiff, she was entitled to interest on the said sum of $2500 from the death of the testatrix, or from the expiration of one year from that event.

This question the court below decided in favor of the plaintiff below. Hence this writ of error.

Argued at November Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff in error, *Alfred Mills.*

Contra, *S. B. Ransom.*

The opinion of the court was delivered by

DEPUE, J.   In determining as of what time legacies shall take effect and be payable, certain general rules have been adopted; and testators, in making their wills, are considered as framing their testamentary dispositions in view of those general rules.

Specific legacies are treated as severed from the bulk of the

testator's property by the operation of the will, and their in-
crease and emolument are regarded as specifically appropriated
for the benefit of the legatee from that period; though the
time for the enjoyment of the principal may be postponed to
a future period. With respect to general legacies, the law,
for convenience, has prescribed, as a general rule, that where
no time is named by the testator, and in the absence of any
intention derived from the will itself, such general legacies
shall be raised and satisfied out of the testator's estate at the ex-
piration of one year next after his death. 2 *Roper on Leg.* 1245;
2 *Lead. Cas. in Eq.* 639, notes to Ashburne *v.* MacGuire.
On a legacy coming within the class of general legacies, if the
legacy be not paid at the expiration of the year, interest from
that time will be allowed as damages; and interest on a legacy
will not be computed from a period prior to that time, unless
there be a clear expression of intention that interest shall be
reckoned from an antecedent time or event. In that case the
interest is regarded as of the substance of the gift, and is not
recoverable, as such, unless there be a clear intention appar-
ent on the face of the will that interest shall be payable from
a period prior to the expiration of the year.

To this general rule there are a few well-established excep-
tions. A legacy given in satisfaction of a debt will carry in-
terest from the testator's death. *Clark* v. *Sewell*, 3 *Atk.* 99.
Interest on a legacy to a minor child of the testator, or to one
to whom the testator is *in loco parentis*, will be allowed from
the testator's death as a provision for maintenance, where no
provision is made by will or otherwise for the support of such
legatee. *Brinkerhoff* v. *Merselis*, 4 *Zab.* 680; *Cox* v. *Corken-
dall*, 2 *Beas.* 138; *Hennion's Ex'rs* v. *Jacobus*, 12 *C. E. Green*
28; *Ex'r of Kearney* v. *Kearney*, 2 *C. E. Green* 59, 63, 504.
Where the bequest is of an annuity, in the absence of any
direction to the contrary, the annuity will commence from the
death of the testator, and the first payment become due at the
end of the first year from that event. In this respect an an-
nuity differs from a general legacy; for a general legacy, not
being payable out of the testator's assets before the end of the

year from the testator's death, no interest will be due thereon until the expiration of the second year. 2 *Rop. on Leg.* 1245.

There is another class of cases which are apparently exceptions to this general rule; but those cases stand upon peculiar and special grounds, and are regarded as a class by themselves. On a bequest of the residue of the testator's estate, or of some aliquot part or proportion thereof, in trust to pay the interest or income to a legatee for life, with a gift of the principal over at his death, the interest or income payable to the life tenant will be computed from the testator's death. *Green* v. *Green*, 3 *Stew.* 451; *S. C.*, 5 *Stew.* 768; *Van Blarcom* v. *Dager*, 4 *Stew.* 783; 2 *Spence's Eq. Jur.* 552–569; *Howe* v. *Earl of Dartmouth*, 7 *Ves.* 137, and the notes to that case in 2 *Lead. Cas. in Eq.* 686, *et seq.* Cases of this class are distinguished from legacies of a definite sum with remainder over, with respect to the computation of interest to the life tenant. 2 *Wms. on Ex'rs* 1391; *Fearns* v. *Young*, 9 *Ves.* 549, per Lord Eldon; *Baker* v. *Baker*, 6 *H. of L. Cas.* 623, per Lord Chelmsford; *Van Blarcom* v. *Dager*, 4 *Stew.* 783, per Dodd, J. In the case last cited, the computation from the testator's death of interest or income to the life tenant, where the gift is of the residue, is placed on a special equity as between the parties who are to participate in the gift, arising from the injustice that would be done to the life tenant by the addition of the entire interest to the capital. 2 *Rop. on Leg.* 1320. That the computation of interest as between the life tenant and remainder-man, where the *corpus* of the gift is the residue of the testator's estate, is founded exclusively on the special equity between the parties among whom the gift is to be apportioned, is apparent from an examination of the cases. For the first year, sometimes, the interest on the whole income is allowed the life tenant; sometimes only a portion of the income for the first year is allotted to the life tenant, and the balance is added to increase the capital, for the reason that, in such cases, the circumstances are such that it would be inequitable to the remainder-man to give the whole produce of the first year to the life tenant; and sometimes the allowance to

the life tenant for the first year is upon a *percentage* determined by the court, on a consideration of what would be just and equitable as between the parties, under the circumstances of the particular case. *Hewitt* v. *Morris*, 1 *Turn. & Russ.* 241; *Fearns* v. *Young*, 9 *Ves.* 552; *Brown* v. *Gellatly*, *L. R.*, 2 *Ch. App.* 751; 2 *Spence's Eq. Jur.* 558, *et seq.*

The apparent conflict in the decisions on this subject is in a large measure due to the failure to observe the special grounds on which the computation of interest is made as between the life tenant and remainder-man, where the *corpus* of the gift is the residue of the testator's estate. Some of it is also attributable to expressions used in that class of cases where interest is allowed by way of maintenance for minor children, or those to whom the testator is *in loco parentis.* If those cases which are universally considered as exceptional, and as resting on special and peculiar grounds, are put aside, the decisions on the subject of interest on legacies are quite consistent and harmonious.

The contention upon which the judgment below is sought to be sustained is, that the gift to Miss Brown is of an annuity, and that the intention of the testatrix to pay her interest from her death is to be deduced from the language of the bequest.

An annuity is defined to be a yearly payment of a certain sum of money. 2 *Wms. on Ex'rs* 809; *Booth* v. *Ammerman*, 4 *Bradf. Sur. R.* 129. The first payment of an annuity given by will is due at the end of one year from the testator's death. This is one of the exceptions to the general rule with respect to the enjoyment by a life tenant of the benefits given by will. Where a general legacy is given to one for life, with remainder over to another, no interest will be due until the expiration of the second year. 2 *Rop. on Leg.* 1253. This distinction between an annuity and a legacy for life with remainder over, was taken by Lord Eldon in *Gibson* v. *Bott*, 7 *Ves.* 89, 96. His language is: " If an annuity is given, the first payment is paid at the end of one year from the death; but if the legacy is given for life, with remainder over, no interest is due till the end of two years; it is only interest on

the legacy, and until the legacy is payable there is no fund to produce interest." Mr. Roper approves of this distinction as founded on principle, and, speaking of the disposition of a sum of money and the interest of it given as an annuity to one for life, says that the annuity, being given in the form of interest upon a gross sum of money to be taken out of the assets as any other legacy, cannot be payable sooner than the fund produces the means for that purpose. 2 *Rop. on Leg.* 877.

In the present case the gift to the plaintiff is of the interest on a gross sum—$2500—to be paid to her annually by the executor; and after the plaintiff's death the principal sum is payable to other parties. The will provides that the executor, after putting out at interest a sum sufficient to pay the interest and legacies bequeathed, shall divide the residue among the heirs of the testatrix. It further directs that all taxes on the money or interest bequeathed should first be deducted, and the balance only paid, and that the said money or interest should be subject to the taxes as long as it remained in the hands or under the control of the executor.

In substance the bequest is to the executor to invest and pay over the net income or interest, after deducting taxes, to the life tenant during her life, and after her death, to pay the entire principal to the legatees in remainder. The executor, in the administration of the estate as executor, was under no obligation to set apart the principal sum on which interest was allowed until the end of the first year; and until that separation was made, there was no fund to produce interest for the life tenant. In legal effect the bequest is analogous to those in *Lowndes* v. *Lowndes*, 15 *Ves.* 301, and *Raven* v. *Waite*, 1 *Swanst.* 553, upon which interest was allowed only from the expiration of the year. In my examination of the English cases, I have not found a single decision in which a bequest similar to that under consideration, has been considered as excluded from the general rule that the legacy shall, for such purposes, take effect after the lapse of the year. The distinction between an annuity pure and simple, which is to be paid

at all events out of the testator's estate at the expense of the residuary legatee, and the interest or income for life, of a certain sum set apart by the testator for that purpose, and given over in gross to another after the death of the life tenant, has been quite uniformly adhered to. Baker *v.* Baker, *supra,* was decided upon that distinction. Lord Cranworth, in delivering his opinion, said: " In all these cases arising upon the construction of wills, the real question is, whether that which is given is given as an annuity, or is given as the interest of a fund; and where that question is to be considered, what you must look to is this: whether the language of the testator imports that a sum, at all events, is annually to be paid out of his general estate, or only the interest, or a portion of the interest, of a capital sum which is to be set apart." This distinction is recognized by Lord Justice Rott in *Birch* v. *Shewall, L. R.,* 2 *Ch. App.* 649. The principle on which it rests is that a bequest of a specific sum of money is one gift, one legacy, the benefit of which the testator has apportioned between the donee for life and the remainder-man. To the life tenant he has given the interest or produce of the fund during life; and the capital sum to the remainder-man after the death of the former. Such a legacy is, therefore, subject to the rule that general legacies are to take effect and be payable at the expiration of a year from the testator's death. The executor is not bound to set apart the legacy for investment before the end of the year; and until that be done there is no fund to produce the interest that is payable to the life tenant. In *Knight* v. *Knight,* 2 *Sim. & Stu.* 490, the bequest was to each of the children of T. W., "as soon as they attain the age of twenty-one years, the sum of £2000, with interest at the rate of five per cent. per annum;" and interest was held to be computable only from the end of the year, for the reason that the executors would not be bound to make an investment for the security of the legatees until the end of the year.

In the courts of this country the weight of authority is in the same direction.

Judge Redfield adopts the same distinction between annuities and accruing interest when made the subject of bequests, with respect to the time when the bequest becomes operative, as was taken by Lord Eldon in Gibson *v.* Bott. He holds that, in case of an annuity bequeathed, it begins from the death of the testator, and the first payment becomes due in one year thereafter ; but that, when the interest or net income of a certain sum is given, the interest will not begin to run until one year from the decease of the testator, and the first payment will, consequently, become due in two years from that date. 3 *Redfield on Wills,* 184, *c. V.,* § 25, *p.* 13. In *Lawrence* v. *Embree,* 3 *Bradf. Sur. R.* 364, a bequest of interest or other income of a certain sum to be invested by executors was held not to begin to carry interest until the end of one year, at which time the investment should be made; and the distinction between an annuity and a bequest of the interest of a specific sum was made the basis of the decision. In the subsequent case of *Booth* v. *Ammerman,* 4 *Bradf. Sur. R.* 129, the subject received a careful consideration. The bequest under adjudication was to the testator's sister, "of the interest upon fifteen hundred dollars, in case she should become a widow, during her widowhood, payable annually," and the executors were authorized to invest the estate in such sums and upon such terms as they might deem necessary for "the due execution of the will." The testator died in October, 1854, and the legatee became a widow in May, 1855. The question was when the legacy became due, and from what time it bore interest. In delivering his opinion the learned surrogate adopted the distinction laid down by Lord Eldon in Gibson *v.* Bott, as a distinction in favor of annuities long recognized in the books. In commenting on the words "the interest," and "payable annually," in answer to the inquiry he propounds, whether it is an annuity or merely an ordinary legacy, he said : "It is not a stated sum, but may be more or less, according to the earnings of the capital; in this respect it does not possess the characteristic of an annuity, but is merely interest or income. It is payable annually; in this

respect it possesses a characteristic common alike to an annuity and to interest, but not peculiar to either.  In the present case the testator gives 'the interest upon fifteen hundred dollars;' the gift is of interest, and that is the entire substance of the gift.  The mode of payment is "annually," and that relates to the payment, and not to the gift.  The thing given is the profits of a certain portion of the estate, to be separated in money and invested.  It is given as interest of a demonstrated capital, and interest cannot, therefore, begin to accrue until the capital becomes due.  The provision of the will would, therefore, seem to be satisfied by making the investment at the end of the year, and paying the interest annually to the life tenant.  The will expressly provides for this investment, and, on the decease of the legatee, to whom the interest is bequeathed for life, gives the *corpus*, or capital, over.  This bequest is substantially a legacy for life with remainder over; and the legacy would not become due so as to draw interest till the end of the year, unless otherwise specially directed.  I do not think the direction to pay interest annually sufficient to take the case out of the general rule."  These remarks have been quoted for the reason that they are applicable to the bequest under consideration, and, in my judgment, are a correct exposition of the law on the subject.  In that case the direction was that the bequest should take effect in case the legatee "should become a widow."  She became a widow within the year.  The surrogate regarded that language as prescribing a condition or contingency on the happening of which the legacy became due, and gave interest from the happening of her widowhood, and denied that the words "payable annually" amounted to such a special direction as would carry interest from the testator's death.

In *Cogswell* v. *Cogswell*, 2 *Edw. Ch.* 230, under a direction that executors should invest in stock a sum of money which would produce an annual income of $1000, and to permit testator's wife to take such income from time to time as the same should become payable, the executors were allowed one year to make the investment.

An examination of the cases which are usually cited as holding a different principle will disclose the fact that, with a few exceptions, they are cases coming within some one of the exceptions above stated to the general rule.

In *Williamson* v. *Williamson*, 6 *Paige* 298, the bequest was of the interest or income of the residuary estate to the legatee for life. In *Craig* v. *Craig*, 3 *Barb. Ch.* 76, one of the bequests was in the form of a direction for the investment of such a sum as would produce in legal interest $500 per annum, as a provision for the testator's lunatic son, which should give him "a sure and ample support during his life;" the other was of an annuity of $1000 per year to the testator's wife, the principal to be invested as she might reasonably require. In *Cook* v. *Meeker*, 36 *N. Y.* 15, the legatees for life were the wife, daughter and grandchildren of the testator, and their legacies were considered as intended to provide a fund for their support and maintenance. *In re Devlin's Estate*, 1 *Tucker* 460, the legatees were children without any other means of support, and the case was expressly decided upon the distinction between interest upon a sum of money left as a legacy, and an annuity or income bequeathed for the support of the legatee. In *Swett* v. *Borton*, 18 *Pick.* 123, the gift to the legatee was of the interest of $50,000 from the time of the testator's decease during the life of the legatee. In *Brimblecom* v. *Haven*, 12 *Cush.* 511, the bequest was ": of the interest of $6000," without any gift over of the principal sum : and the court held that, there being no setting apart of any fund to answer the legacy, it was, in effect, the gift of an annuity of a fixed sum of money annually, fixed and expressed by the term "interest of $6000." The two cases cited from the courts of Pennsylvania (*Eyre* v. *Golden*, 5 *Binn.* 472, and *In re Hilliard's Estate*, 5 *Watts & Serg.* 30,) may be considered as direct authorities in favor of the view adopted by the court below. But these cases, if they do not stand alone, are contrary to the great weight of authority, and are against correct principles.

The decisions in the courts of this state on this subject have

adopted and followed the law as laid down by Lord Eldon and by Mr. Roper.

In *Halsted* v. *Meeker, Ex'r*, 3 *C. E. Green* 136, upon a direction in the testator's will that executors should place the sum of $20,000 at interest, and pay the net income or interest thereof, semi-annually to the testator's daughter, Chancellor Zabriskie held that the executors were required to invest at the end of the year, and that the legatee was entitled to the interest which should accrue from that time. In *Henion's Ex'rs* v. *Jacobus*, 12 *C. E. Green* 28, the bequest was to the testator's daughter, of the legal interest of $1400, to be paid to her annually, and the principal at her death to be divided among her heirs; Chancellor Runyon held that the interest payable to the testator's daughter was to be computed from the end of one year from the testator's death. The same rule was re-affirmed and applied in *Howard* v. *Francis*, 3 *Stew.* 444. These cases from the Court of Chancery were cited with apparent approval in *Van Blarcom* v. *Dager*, 4 *Stew.* 495. They are decisions of a court of co-ordinate jurisdiction, and ought not to be disregarded or overruled except for the most cogent reasons. They apply directly to this case, and in my judgment were correctly decided.

I think that for the reason already given, the judgment should be reversed.

It may be remarked that, on a ground that may be technical, and was not taken on the argument, the same result would be reached. The testatrix directs that none of the legacies or interest given or bequeathed, shall be due or payable during the lifetime of her mother. A copy of the will is annexed to the declaration, and by averment, made part of it; and the death of the mother of the testatrix is nowhere averred in the pleading.

Judgment reversed.