# Cottingham v. Greely Barnham Grocery Company.

### *Garnishment Proceedings.*

1. *Garnishment; contest of answer of garnishee; when issue filed.* Under the statute providing for the contest of the answer of a garnishee, (Code, § 2196), it is not required that the issue be made up at the term of the court at which the answer of the garnishee is contested, but where the affidavit of contest of the garnishee's answer has been filed at the same term of the court that the answer was filed, the court may, at a subsequent term, allow an issue to be made up on such contest under its direction.

2. *Appeals; rulings upon motion to strike pleas; not reviewed when not shown by bill of exceptions.*—The rulings of a trial court on motions to strike certain pleas from the file, will not be reviewed on appeal, when the motions, the pleas and the rulings thereon are not shown in the bill of exceptions.

3. *Fraudulent conveyances; grantee relieved from liability by payment of value of property to grantor's creditors.*—The grantee in a fraudulent conveyance is relieved from liability to the creditors of the grantor if he pays to *bona fide* creditors of his grantor the fair and reasonable value of the property transferred in such conveyance; and this is true, though the grantee is forced to pay the proceeds of the property acquired by him to the creditors by means of the process of attachment.

4. *Same; same; burden of proof.*—Where a grantee in a fraudulent conveyance seeks to relieve himself from liability by showing that he has applied the property so acquired by him to the discharge of the debts of his grantor, or paid the value of said property to the grantor's creditors, the burden of proof rests upon him to show, not only such an appropriation by him of the property or money equal to its fair and reasonable valuation, but also to show that the debts so discharged by him were subsisting, legal, *bona fide* demands against his grantor, and where this burden is discharged, it is of no consequence that such grantee retains possession of a portion of the property so conveyed.

[Cottingham v. Greely Barnham Grocery Company.]

5. *Garnishment; how value of property acquired by fraudulent. grantee ascertained.*—Where, in a garnishment proceeding, the plaintiff seeks to subject property in the hands of the garnishee, upon the ground that it was conveyed to him by a fraudulent and void conveyance, in determining the question of the value of the property received by the garnishee under such conveyance, the criterion is the value of the property at the time of such conveyance.

6. *Same; when plaintiff may avail himself of rights which the debtor could not exercise.*—Although a conveyance made to hinder, delay or defraud creditors is not void between the parties thereto and a general garnishing creditor can, in general, avail himself only of the legal rights of the debtor against the garnishee, there is an exception where the garnishee holds the effects of the debtor under a fraudulent conveyance. In such case, although the conveyance is valid between the parties, the garnishing creditor may set up its invalidity.

7. *Same; what demands may be reached by garnishment.*—Promissory notes, accounts due a mercantile firm, or other *choses in action* belonging to the defendant, but in the possession of the garnishee, can not be reached and subjected by garnishment.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

The appellee, the Greely Barnham Grocery Company, recovered a judgment against E. N. Cottingham and J. L. Suttle, as partners doing business under the name of E. N. Cottingham & Co. Upon this judgment they sued out a writ of garnishment, which was served upon the appellant, J. M. Cottingham. This writ of garnishment was issued on December 13, 1894, and was executed on the same day by serving a copy thereof on the garnishee. On December 19, 1894, the garnishee answered denying any indebtedness to E. N. Cottingham and J. L. Suttle, and further denied that he had in his possession any money or effects which belonged to the said E. N. Cottingham and J. L. Suttle. On December 19, 1894, the plaintiff filed an affidavit contesting said answer and declaring that in the belief of the affiant said answer was untrue. At the spring term, 1895, the plaintiff tendered an issue. The garnishee moved to strike the cause from the docket upon the

ground that issue was not made up at the term of the court to which the answer was made. This motion was overruled, and the garnishee duly excepted. The issue and the special plea, upon which issue was joined, and the other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the following written charge: (2.) "The court charges the jury that if they believe from the evidence that the notes and accounts of E. N. Cottingham & Co. included in the assignment or bill of sale made by them in December, 1892, to J. M. Cottingham and Mrs. M. A. Suttle were not levied upon under the attachment writ by the attaching creditors of said E. N. Cottingham & Co., then they must find the issue for the plaintiff." The garnishee separately excepted to the giving of this charge, and also separately excepted to the court's refusal to give, among others, each of the following charges requested by him: (2.) "Gentlemen of the jury, the court charge that you can not consider in this case, in estimating the value of the property which is set out in the bill of sale, any of the notes, accounts or mortgages or *choses in action* which came into the possession of the garnishee by reason of said bill of sale, but that you can look to and inquire if any money has been collected upon or from said *choses in action,* and if you find there was money so collected, then you go to the further consideration of how much money was collected, and if you come to the conclusion that the fair market value of the property and money collected does not exceed three thousand dollars, then I charge you to find the issue in favor of the defendant garnishee." (3.) "The court charge you that you can only consider the fair and reasonable market value of the stock of goods together with the amount of moneys collected from the notes, accounts and *choses in action,* which came into the hands of the garnishee under the bill of sale, and if you conclude that both do not exceed three thousand dollars in amount, then you must find

the issue in favor of the defendant garnishee."    (11.)
"I charge you that if J. M. Cottingham, the garnishee
herein, paid to the sheriff of Bibb county three thousand
dollars in the attachment proceedings of Armour Pack-
ing Company, Bamberger, Bloom & Co., Hodges Bros.
& Company, and Richardson Bros. against E. N. Cot-
tingham & Co., and three thousand dollars was a fair
and reasonable market value of the goods and property
which came into the hands of the garnishee, J. M. Cot-
tingham, under said bill of sale, then I charge you to
find the issue in favor of the garnishee."

It is unnecessary to set out at length the other
charges requested by the garnishee which were refused
by the court.

There were verdict and judgment for the plaintiff.
The garnishee appeals, and assigns as error the several
rulings of the trial court to which exceptions were re-
served.

J. M. McMASTER, for appellant.

LOGAN & VANDEGRAAFF, contra, cited *Brake v. Curd-
Sinton Manfg. Co.,* 102 Ala. 339; *Henry v. Murphy,* 54
Ala. 256; *White v. Simpson,* 107 Ala. 394.

TYSON, J.—The statute does not require the issue
to be made at the term of the court at which the answer
of the garnishee is contested.    It only requires that
the plaintiff, his agent or attorney may controvert the
answer by making oath, at the term the answer is made,
that he believes it to be untrue.—Code, § 2196, and
authorities cited thereunder.

The issue to be made up, after a contest of the an-
swer, under the direction of the court, in which the
plaintiff must allege in what respect the answer is un-
true, is in the nature of a complaint in the cause, and
not entirely dissimilar in respect to stating the plain-
tiff's cause of action, as in the complaint of the plaintiff
in a suit commenced by attachment.—*Lindsay v. Morris,*
100 Ala. 546.    Such a tender of issue may be filed at any
time before the trial.

We cannot review the rulings of the court in strik-
ing certain pleas filed by the garnishee, for the reason

that neither the motions, pleas nor the rulings of the court appear in the bill of exceptions.—*Holley v. Coffee,* 123 Ala. 406.

The cause was tried upon the issue tendered by the plaintiff and the general issue and special plea No. 11.

In the tender of issue it is averred that prior to December 23, 1892, the defendants, E. N. Cottingham and J. L. Suttle, as partners composing the firm of E. N. Cottingham & Company, carried on a mercantile business in the town of Blocton, Alabama. That prior to said date they were indebted to the plaintiff for goods, wares and merchandise sold, which indebtedness was reduced to judgment on the 7th day of June, 1894, and is still due and unpaid. That on the said 23d day of December, 1892, the defendants made a fraudulent sale and transfer of the goods, wares and merchandise owned by them as well as all the notes and accounts due to them to the garnishee and Mrs. M. A. Suttle by executing to them jointly a bill of sale thereof, upon the recited consideration of fifteen thousand and ninety and 50-100 dollars of which the sum of eight thousand, nine hundred and eighty-three and 02-100 was recited to be the amount of the indebtedness due by the defendants to the garnishee; and the sum of six thousand one hundred and thirteen and 50-100 dollars was recited to be the amount of the indebtedness due by the defendants as a firm to Mrs. M. A. Suttle. That in fact the said defendants as a firm were not indebted to Mrs. Suttle in any sum whatever and that the said firm was either not indebted at all to said garnishee, or if indebted to him in any sum, then the amount of the debt owing to him was greatly less than $8,983.02. That the alleged debt to him was in whole or in part simulated or fictitious. It is further averred that the garnishee took possession of the stock of goods, wares and merchandise, and has retained the same and that the value of the stock of goods was ten thousand dollars. That the garnishee has collected from the notes and accounts transferred to him and Mrs. Suttle a large sum of money, to-wit, $5,000.

Special plea No. 11 filed by the garnishee alleges that prior to the issuance of the writ of garnishment in this

case all the property which came into his possession
under and by virtue of the bill of sale set out in the
complaint was levied on by certain attachment writs.
returnable to the circuit court of Bibb county, Ala.    It
is further alleged that all of said property was subject
to the payment of said attachment writs, and that the
entire value of the property has been applied to the
payment of the said prior attachments.    No objection
was taken to the sufficiency of this plea by demurrer
or otherwise.    So then it must be treated as present-
ing a material issue in the cause and the garnishee had
the right to offer evidence in support of the facts alleged
in it.

But independent of the question of the sufficiency of
its averments, the garnishee, if the bill of sale was.
fraudulent, cannot be required to account to the cred-
itors of the vendors for any greater sum than the value
of the property acquired by him under the transfer to
him.    The whole object of the law is to make him dis-
gorge the ill-gotten gain by virtue of the fraudulent
transaction.    When he does this, either by returning
the property or its equivalent in money, he cannot be
punished by making him pay more.    The wrong he
may have done is not punitive in its character at the
suit of a creditor—one for which he must be made to
suffer beyond the actual loss entailed upon the credi-
tors.    This principle is clearly stated by Mr. Bump,
in his work on Fraudulent Conveyances, p. 599, § 622,
in this language: "An honest man will not accept a
fraudulent conveyance and a party who holds prop-
erty fraudulently will, as soon as he comes to a sense
of his moral duty, restore it to those to whom it be-
longs.    He ought generally to give it back to the debtor,
in order that it may be applied to his debts if wanted
or to his benefit if not necessary for that purpose.    Al-
though the law, for the purpose of discouraging fraud,
will not compel him to restore it to the debtor, yet
no person who possesses a sense of justice or honesty
will retain it.    The relation between the grantee and
creditors is different; there is no express obligation be-
tween them.    The creditors, however, ought to receive
their debts and the law gives them a claim to the prop-

city, and charges the grantee as trustee in consequence of his possession. The trust is not express, but arises by operation of law, in consequence of his having in his hands that which ought to be applied to the satisfaction of their demands. It depends, therefore, on the possession of the property. If the grantee, therefore, divests himself in good faith of that which he could not retain without dishonesty before the right of the creditors to call him to account accrues, there is nothing remaining upon which to raise a trust and the relation of trustee ceases. The grantee for the same reason cannot be held to account for the property or the proceeds arising from the sale of it, which have been applied by him in good faith to the payment of the debts of the grantor. In this respect there is no distinction between a transfer which is fraudulent in fact and one which is fraudulent in law." '

It can make no possible difference that the grantee is forced to pay the proceeds of the property to the creditors by means of the process of attachment. So he pays the value of the property to those to whom the property rightfully belongs, is all that is required of him. Had the grantee in the conveyance agreed to pay to the creditors the value of the property as part of the consideration of the transfer to him, and did so pay, or had he paid to the grantor the value of the property in excess of the debt due' to him in pursuance of an agreement between him and the grantor and the grantor had paid that money to his creditors, the conveyance would not have been fraudulent.—*Rankin & Co. v. Vandiver,* 78 Ala. 562. Of course, if' the grantee undertakes to relieve himself from liability by showing that he has applied the property to the discharge of the debts of his grantor or paid to the creditors a sum of money equal to the value of the property, the burden of proof would rest upon him, not only to show such an appropriation by him of the property, or the payment of a sum of money equal to its value, but also to show that the debts discharged were subsisting, legal, *bona fide* demands against his grantor. This was the principle invoked by the garnishee by the averments of his special plea.

It follows that the court erred in excluding the evidence offered by the garnishee of the payment by him of certain attaching creditors, and the writs of attachment, etc., sued out by them against his grantors prior to the writ of garnishment in this case. Under the issues, upon which the garnishee was forced to trial by reason of the refusal by the court to permit him to file certain pleas, there was no error in sustaining the plaintiff's objection to the evidence offered by the garnishee to prove that he had paid a number of *bona fide* creditors of E. N. Cottingham, etc.

It is of no consequence, under the principles above announced, that a portion of all the property was in the possession of the garnishee at the time of the service of the writ of garnishment, if it be shown by him that he has paid to *bona fide* creditors of his grantors, prior to the service of the writ of garnishment, an amount of money equal to the value of the property acquired under the conveyance to him. This being so, the giving of written charge numbered 2 at the request of the plaintiff was erroneous.

Charge 11 requested by the garnishee, under the issue presented by his special plea, should have been given.

Charges 10, 12, 13, 14 and 15 hypothesized certain facts, the evidence of which was excluded by the court.

Charges 2 and 3 are framed upon the theory, that the value of the notes and accounts must be admeasured or ascertained by the amount of money collected by the garnishee upon them. In determining the question of the value of the property received by the garnishee under the conveyance, the criterion is the value of the property at that date. If it consisted partly of notes and accounts, their value must be ascertained at that time. And their value is important upon the inquiry as to whether or not the transaction was fraudulent or *bona fide*. But it does not follow that they can be condemned in this proceeding, should the conveyance be found to be fraudulent. While the principle is well settled in this State that a garnishing creditor can avail himself only of the legal rights of his debtor against the garnishee and that his recovery is limited to the recourse of the debtor, this principle is subject

[Poole *et al.* v. Daughdrill, Admr. etc.]

to an exception when the garnishee has possession of money or effects of the debtor under a fraudulent transfer. In such case, notwithstanding the transfer is valid against the debtor and he cannot be heard to gainsay it, the creditor may in this proceeding, as well as in any other, assert its invalidity.—*Henry v. Murphy & Co.*, 54 Ala. 256, and authorities there cited: Code, § 2181. But the effects of the debtor in the possession of the garnishee in order to be subjected, must be of such sort as that when so ordered by the court, he can deliver then to the sheriff that the latter may make sale thereof.—Code, § 2192. "It is very clear that the court cannot direct a sale of a mere chose in action." *Jones v. Norris*, 2 Ala. 526; *Hazard v. Franklin*, Ib. 349; *Craft v. Summersell*, 93 Ala. 430; *Levishon v. Waganer*, 76 Ala. 412.

As the judgment must be reversed and the cause remanded for a new trial, we will not discuss the action of the court in refusing to allow the garnishee to file certain pleas shown in the record. Doubtless upon another trial, he will be permitted to file pleas invoking such defenses as he may be advised are in accord with the principles announced in this opinion.

Reversed and remanded.