[S. F. No. 1541.    Department One.—February 19, 1901.]

## CITY AND COUNTY OF SAN FRANCISCO, Respondent, *v.* LA SOCIETE FRANCAISE D'EPARGNES ET DE PREVOYANCE MUTUELLE, Appellant.

TAXATION—LOANS SECURED BY NONTAXABLE PLEDGES.—Loans or solvent credits secured by pledges of nontaxable stocks and bonds are taxable as property within the meaning of section 1 of article XIII of the constitution.

---
[1] 52 Am. St. Rep. 165.

ID.—ASSESSMENT—ASSESSOR NOT BOUND BY VERIFIED LIST.—The assessor is not bound by a verified list of property furnished to him by the taxpayer, and it is his duty to assess to the owner any taxable property that has for any reason escaped assessment.

ID.—SUPPLEMENTAL ASSESSMENT AFTER PAYMENT.—The assessor may make an additional or supplemental assessment after the taxpayer has paid the original assessment made to him. No assessment is illegal because not completed within the time required by law.

APPEAL from a judgment of the Superior Court of the City, and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Stanly, McKinstry, Bradley, & McKinstry, for Appellant.

Alfred Fuhrman, and John Heenan, for Respondent.

GRAY, C.—This is an action to recover five thousand eight hundred and fifty-one dollars and sixty cents alleged to be due to plaintiff from defendant as taxes for the fiscal year ending June 30, 1897, on solvent credits, admitted to be owned by defendant, aggregating three hundred and forty-eight thousand seven hundred and twenty-one dollars and secured by nontaxable stocks and bonds.

Plaintiff had judgment for the full amount demanded, from which defendant appeals and urges as the grounds thereof: 1. That the credits are not taxable because they are secured by pledge of property not taxable; 2. The assessor had no right or power to assess the said credits, because defendant had already handed in a sworn statement of its property for said fiscal year, which was listed to it, assessed, and the taxes thereon collected by the assessor (it all being personal property); and the said credits were not included in said statement nor in said assessment, but in an additional assessment, made by the assessor subsequent to payment made by defendant as aforesaid and not based on any sworn statement.

1. We are of the opinion that loans or solvent credits secured by pledge on nontaxable property are taxable. Section 1 of article XIII of the constitution provides that "all property," with certain exceptions therein stated, "shall be taxed in proportion to its value." It further provides that the word "prop-

erty" as used in said "article and section" shall include "moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership." The admitted credits or outstanding loans of defendant come clearly within the above constitutional definition of taxable property, and the fact that such loans are secured by pledge of nontaxable personal property in no way affects the question.

2. The assessor was not bound by the verified list of property furnished by defendant, but it was his duty to assess to defendant any of its property that had for any reason escaped assessment. This question is set at rest and the reasons given in *People v. National Bank of D. O. Mills & Co.*, 123 Cal. 53,[1] and *Savings etc. Soc. v. San Francisco*, 131 Cal. 356. The power of the assessor to make a supplemental assessment embracing newly discovered property cannot be limited or in any way affected by the previous assessment based on the verified list made by defendant. It is the duty of the assessor to assess all the property for the current fiscal year, and this duty continues so long as the assessment-books of such current year are under his control, and whenever he discovers property that has up to that time escaped assessment he should list and assess it to the owner in the manner provided in the Political Code. No assessment is illegal "because the same was not completed within the time required by law." (Pol. Code, sec. 3885.)

We advise that the judgment be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Van Dyke, J., Harrison, J., Garoutte, J.

---

[1] 69 Am. St. Rep. 32.