[S. F. No. 1267. In Bank.—May 1, 1901.]

SECURITY SAVINGS BANK, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

TAXATION—SOLVENT LOANS SECURED BY EXEMPT PROPERTY.—Solvent loans come within the constitutional definition of property subject to taxation, notwithstanding they are secured by pledge of property exempt from taxation.

ID.—OMISSION FROM STATEMENT—DUTY OF ASSESSOR.—Where the taxpayer omits to include any taxable property in his statement furnished to the assessor, it is the duty of the assessor to add them to the assessment-roll.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Sidney V. Smith, and A. N. Drown, for Appellant.

Harry T. Creswell, former City and County Attorney, and James L. Gallagher, Assistant, and Franklin K. Lane, City and County Attorney, and W. I. Brodbeck, Assistant, for Respondent.

VAN DYKE, J.—This action was brought to recover the amount of certain taxes for the fiscal year 1896-97, paid by the plaintiff corporation under protest.

There were due to the plaintiff in May, 1896, upon outstanding solvent loans theretofore made by it, and secured by pledge of divers stocks and bonds, the sum of $578,200, and the further sum of $30,000, evidenced only by the promissory note of the borrower. In the statement delivered to the assessor by said

plaintiff, of its property subject to taxation for said fiscal year, no mention was made of said outstanding loans. The assessor thereupon notified the plaintiff that he had discovered the omission in the statement furnished, and that, unless reason could be shown to the contrary, he should add the same to the assessment-roll. Said credits were assessed accordingly,—the loans on stocks and bonds for the amounts stated, to wit, $578,200, and the loan of $30,000 evidenced by the promissory note, at $22,500. Judgment in the court below went for the defendant, from which plaintiff appealed.

It is not claimed on the part of the plaintiff and appellant that there was any error committed by the assessor as to the amount or value of the property assessed, but it is contended that said property is exempt from taxation. While this appeal has been pending, the question under consideration has been determined by this court, and the decision is adverse to the contention of the appellant. (*Savings and Loan Society* v. *San Francisco*, 131 Cal. 356; *San Francisco* v. *La Société Française*, 131 Cal. 612.) In the first case the court say: "We cannot see any reason for holding that because the security happens to be of some kind of property exempt by law, that the debt secured thereby should also be exempt." In the second case it is said: "We are of opinion that loans or solvent credits secured by pledge on non-taxable property are taxable. Section 1 of article XIII of the constitution provides that 'all property,' with certain exceptions therein stated, 'shall be taxed in proportion to its value.' It further provides that the word 'property,' as used in said 'article and section,' shall include 'moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership.' The admitted credits or outstanding loans of defendant come clearly within the above constitutional definition of taxable property, and the fact that such loans are secured by pledge of non-taxable personal property in no way affects the question." In the same case it was also held to be the duty of the assessor to add such credits and property to the assessment-roll, if omitted in the statement furnished by the owner thereof.

Judgment affirmed.

McFarland, J., Temple, J., Henshaw, J., Harrison, J., and Garoutte, J., concurred.