# Wilson *v.* The State.

*Indictment for Selling Spirituous, Vinous or Malt Liquors.*

1. *Constitutionality of act creating county court; effect of provision requiring judges to be "learned in the law."*—Although the provision of the act of the General Assembly creating the county court of Coffee county (Acts of 1900-1901, p. 861) that the judge of said court shall be a person "learned in the law" may be unconstitutional and void as violative of section 2 of article I of the constitution of 1875, which was of force at the time of the passage of the act, such provision of said act being distinct and separable from the other provisions of the act, may be stricken out without affecting the other provisions of the act; and, therefore, its unconstitutionality does not render the whole act unconstitutional and void, but the provision offensive to the constitution, will be rejected and the purpose of the legislature in passing said act will be given effect by enforcing the unobjectionable provisions which are separate and distinct.

2. *Indictment for selling spirituous, vinous or malt liquors; what constitutes an election by the State.*—Under an indictment for selling spirituous, vinous or malt liquors contrary to law and without a license, conviction may be had upon the proof of one act of illegal selling; and, therefore, when the State proves one act of illegal selling, such proof constitutes an election by the State to proceed for that offense, and evidence of other and distinct acts of selling at different times is inadmissible.

3. *Appeals; rulings upon motions to strike pleas; not reviewed when not shown by bill of exceptions.*—The rulings of a trial court on motions to strke certain pleas from the file,

will not be reviewed on appeal, when the motions, the pleas and the rulings thereon are not shown in the bill of exceptions.

APPEAL from the County Court of Coffee.

Tried before the Hon. JOHN M. LOFLIN.

The appellant in this case, P. O. Wilson, was indicted, tried and convicted for selling spirituous, vinous or malt liquors without a license and contrary to law. Under the provisions of the act creating the County court of Coffee county (Acts of 1900-1901, p. 861) the case was transferred to the County Court of Coffee County. In the county court the defendant set up by special pleas that said court had no jurisdiction to try and determine said cause, because the act of the General Assembly creating the county court was unconstitutional and void. The judgment entry recites that the State moved to strike said plea from the file, on the ground that it was frivolous and that the court granted said motion and ordered the plea stricken from the file. The bill of exceptions does not show the motion by the State to strike the plea from the file, nor does it show any ruling of the court upon said motion. When the case was called for trial, the defendant objected to being put to trial under the indictment in the county court, upon the ground that the act of the General Assembly creating said court was unconstitutional and void, in that there was a portion thereof which prescribed the qualification of the judge to be elected. The court overruled this objection and to this ruling the defendant duly excepted.

On the trial of the case the State introduced as a witness one J. F. Rhodes, who testified that in the early part of January, 1901, he bought whiskey from the defendant while at the latter's house in Coffee county and further testified to the circumstances under which the whiskey was purchased. Upon this witness being asked as to whether or not he subsequently bought whiskey from the defendant, the defendant objected upon the ground that the State having proven one sale of whiskey to the witness by the defendant, thereby elected to prosecute the defendant for said sale, and that

it is not permissible to prove other and subsequent sales by the defendant. The court overruled this objection, allowed the witness to testify as to the 2d and 3d sales by the defendant, and to each of these rulings the defendant separately excepted.

The State, against the objection and exception of the defendant, proved by other witnesses that they had purchased whiskey from the defendant at different times from the time specified by the witness Rhodes.

SOLLIE & KIRKLAND, for appellant.—The provisions for the act creating the county court of Coffee county, that the judge shall be a person "learned in law" is violative of section 2, Article 1 of the Constitution.—*Kentz v. City of Mobile*, 120 Ala. 63.

The proof by the State of one act of illegal selling was an election to prosecute for that sale, and evidence of subsequent sales was inadmissible.—*O'Brien v. State*, 91 Ala. 25; *Williams v. State*, 77 Ala. 53; *McCullough v. State*, 63 Ala. 75; *Peacher v. State*, 61 Ala. 22; *McPherson v. State*, 54 Ala. 221.

MASSEY WILSON, Attorney-General, for the State If there was error in striking the defendant's plea of former acquittal, the question is not properly presented for review. Exception to the ruling of the court on the motion is not shown by the bill of exceptions, the only way the point can be properly presented to this court.—*Cottingham v. Greely*, 120 Ala. 299; *Holley v. Coffee*, 123 Ala. 406.

The clause in the act creating the County Court of Coffee which requires the judge to be learned in the law may be unconstitutional and void; but it does not follow that the act must fall because that clause is repugnant to the constitution. The clause may be disregarded and still leave the act a complete harmonious statute capable of being enforced.— *Kentz v. City of Mobile*, 120 Ala. 623.

DOWDELL, J.—The defendant Wilson was indicted in the circuit court of Coffee county, for selling spiritu-

ous, vinous or malt liquors without license and contrary to law. The indictment was transferred to the county court of Coffee under the provision of the act creating that court (Acts, 1900-1901, p. 861), where he was tried and convicted.

It is urged by the defendant that the above act creating the county court of Coffee is unconstitutional because it contains a clause, which provides that the judge of said court shall be a person "learned in the law," the contention being that it is offensive to section 2 of Article 1 of the Constitution of 1875, the act having been passed while the Constitution of 1875 was of force. The case of *Kentz v. City of Mobile,* 120 Ala. 623, we think is conclusive of the question here presented, and adverse to the contention of the appellant. What was there said in reference to the constitutionality of the act being affected by the provision of the clause contained in that act relating to the qualifications of the recorder, is applicable here. The provision contained in the act before us, relating to the qualification of the judge of the court, may be rejected and still leave the act creating the court a harmonious whole, complete in itself.

The indictment contained one count, and was in the form prescribed in the Code. Under it the proof of one act of illegal selling was sufficient to warrant a conviction. The State introduced one Rhodes as a witness, and proved by him that in the early part of January, 1901, that being within the time covered by the indictment, witness bought from the defendant a pint of whiskey and for which witness paid defendant. In this the State made an election, and the court was in error in permitting the solicitor for the State, against the objection of the defendant, to introduce evidence showing other and distinct acts of selling at other and different times. As stated above, one illicit sale constituted a violation of the law, and evidence of other sales was irrevelant and inadmissible. It is altogether different from that class of offenses where continuous acts constitute one offense.—*Cost v. State,* 96 Ala. 60; *O'Brien v. State,* 91 Ala. 25; *Williams v. State,* 77 Ala. 53; *McCullough v. State,* 63 Ala. 75; *Peacher v.*

*State,* 61 Ala. 22; *McPherson v. State,* 54 Ala. 221; *Smith v. State,* 52 Ala. 384 ;*Elam v. State,* 26 Ala. 48.

Rulings on motion to strike pleadings are reviewable on appeal only when presented by a bill of exceptions. *Cottingham v. Greely Grocery Co.,* 129 Ala. 200; *Holley v. Coffee,* 123 Ala. 406; *Randall v. Wadsworth,* 130 Ala. 633.

For the error pointed out the judgment of the court below will be reversed and the cause remanded.