# Cottingham *v.* Greely Barnham Grocery Co.

## *Garnishment Proceedings.*

1. *Garnishment; what demands may be reached by garnishment.* While promissory notes, accounts due a mercantile firm, or other choses in action belonging to a defendant, but in the possession of a garnishee, can not be reached and subjected by garnishment, still, when it is shown that the garnishee acquired said notes, accounts or choses in action by a fraudulent transfer and has collected money upon them, the money so collected can be subjected by garnishment.

2. *Garnishment; admissibility of evidence.*—In a garnishment proceeding upon the contest of the answer of an garnishee,

where, under. the issues presented it is shown that the de-
fendant transferred, by bill of sale, a stock of goods, notes
and accounts due to the defendant as a mercantile firm, and
there was evidence introduced tending to show that said bill
of sale was fraudulent, it is permissible for the plaintiff to
show that the garnishee had collected money upon the notes
and accounts so transferred to him. ·

3. *Garnishment proceedings; charge of court as to fraud.*—In a
garnishment proceeding, upon the contest of the answer of the
garnishee, where it is shown that the garnishee claimed the
property under a bill of sale from the defendant, and there
was evidence introduced by the plaintiff tending to show that
the transfer of the property as evidenced by said bill of sale
was actually fraudulent, but the evidence offered in behalf
of the garnishee tended to show that he was a *bona fide* credi-
tor of the defendant in a sum much larger than the value of
the property conveyed to him, it is error for the court to in-
struct the jury upon the request of the plaintiff, that if they
find that the defendant was indebted to the garnishee at the
date of the transfer to him in a less sum than that recited
in the bill of sale as to amount and the amount recited was
put at a larger sum than the debt for the purpose of covering
or aiding to cover the value of the property transferred, then
the transfer was fraudulent.

4. *Same; same.*—In such a case, it is error for the court to in-
struct the jury at the request of the plaintiff that if they be-
lieve from the evidence that any part or all of the alleged
debt due the garnishee by the defendant was simulated or
pretended, then they should reach the conclusion that the
sale was fraudulent.

Aᴘᴘᴇᴀʟ from the Circuit Court of Bibb.

Tried before the Hon. Jᴏʜɴ Mᴏᴏʀᴇ.

The appellee, the Greely Barnham Grocery Company,
recovered a judgment against E. N. Cottingham and J.
L. Suttle, as partners doing business under the name of
E. N. Cottingham & Co. Upon this judgment they sued
out a writ of garnishment, which was served upon the
appellant, J. M. Cottingham. This writ of garnishment
was issued on December 13, 1894, and was executed on
the same day by serving a copy thereof on the garnishee.
On December 19, 1894, the garnishee, answered denying
any indebtedness to E. N. Cottingham and J. L. Sut-

tle, and further denied that he had in his possession any money or effects which belonged to the said E. N. Cottingham and J. L. Suttle. On December 19, 1894, the plaintiff filed an affidavit contesting said answer and declaring that in the belief of the affiant said answer was untrue. At the spring term, 1895, the plaintiff tendered an issue. In the tender of issue made by the plaintiff, it was averred that E. N. Cottingham & Co., prior to December 23, 1892, were indebted to the plaintiff for goods, wares and merchandise sold; that this indebtedness was reduced to judgment on June 7, 1894, and that said judgment was still due and unpaid; that on December 23, 1892, the defendants, E. N. Cottingham & Co., executed a fraudulent bill of sale by which they sold and transferred the goods, wares and merchandise owned by them, as well as the notes and accounts due to them, to the garnishee, J. M. Cottingham and Mrs. M. A. Suttle; that the garnishee was the father of E. N. Cottingham, and Mrs. M. H. Suttle was the mother of J. L. Suttle; that the recited consideration of the bill of sale was $14,090.50, of which the sum of $8,983.02 is recited to be the amount of the indebtedness due by defendants to the garnishee, and $6,113.50 is recited as the amount of the indebtedness due by the defendants as a firm to Mrs. M. A. Suttle; that in truth and in fact the said defendants as a firm were not indebted to Mrs. Suttle in any sum and that said firm was either not indebted at all to the garnishee, or, if indebted in any sum, the amount was greatly less than $8,983.02; that the alleged indebtedness of said firm to the garnishee was in whole or in part simulated and fictitious. It was then further averred in the tender of issue, that the garnishee had, under the bill of sale, taken possession of the stock of goods, wares and merchandise and the notes and accounts sought to be sold and transferred therein and has retained the same; that the value of the stock of goods was $10,000; "that said J. M. Cottingham has collected from these notes and accounts due to said defendant and transferred to him and Mrs. M. A. Suttle under the terms of said bill of sale a large sum of money, to-wit, the sum of five thousand dollars." Wherefore the plaintiff avers

that it is entitled to a judgment against the garnishee for the amount of its judgment.

The garnishee moved to strike from the tender of issue the portion thereof which is quoted above, upon the ground that said tender of issue as framed seeks to hold the garnishee liable for moneys collected on said notes and accounts transferred to him under said bill of sale while in law there can be no liability against said garnishee for said alleged collections. This motion to strike said portion of the tender of issue was overruled, and to this ruling the garnishee duly excepted.

Thereupon the garnishee filed the plea of the general issue and several pleas in which he averred that under said bill of sale he did receive goods, wares and merchandise, notes and accounts belonging to the firm of E. N. Cottingham & Company; but that he has paid *bona fide* creditors of said firm full value for all the property of said firm which came into his possession by virtue of said bill of sale or otherwise; that the said *bona fide* creditors were subsisting creditors at the time of said alleged bill of sale and said payments were made to said *bona fide* creditors prior to the service of the writ of garnishment; and further that at the time of the delivery to him of the property, he was a *bona fide* creditor of the firm of E. N. Cottingham & Co. for the sum of $8,000, which was justly due and payable; that the value of the property so delivered did not exceed the value of $3,000, and in said pleas he averred that before the garnishee could be held liable to the plaintiff, the value of the property received by him must exceed the amount paid the creditors of said firm added to the amount due the garnishee. Issue was joined upon these pleas

On the trial of the case the evidence for the plaintiff tended to show that as a matter of fact the firm of E. N. Cottingham & Co. was not indebted to the garnishee or Mrs. Suttle at the time of the execution of said bill of sale; that the consideration expressed therein was simulated and fictitous; that said bill of sale was executed for the purpose of hindering, delaying and defrauding the creditors of said firm; that after the execu-

tion of said bill of sale the garnishee had collected large sums of money upon the notes and accounts transferred to him in said bill of sale.

Upon the plaintiff offering to prove that the garnishee had collected money on different notes and accounts which were due to the firm of E. N. Cottingham & Co. and which were transferred in said bill of sale, the garnishee separately objected to each of the questions calling for such proof, and moved to exclude the evidence in reference thereto. The court separately and severally overruled each said objection and each motion, and to each of these rulings the garnishee separately excepted.

Upon the introduction of all the evidence the court at the request of the plaintiff gave to the jury the following written charges, to the giving of each of which the garnishee separately excepted: (1.) "If the jury find that the firm of E. N. Cottingham & Co. were indebted to J. M. Cottingham at the date of the transfer to him in a less sum than that recited in the bill of sale as to amount, and the amount recited was put at a larger sum than the debt for the purpose of covering or aiding to cover the value of the property transferred, then the transfer was fraudulent." (2.) "I charge you that if you believe from the evidence in this case that any part or all of the alleged debt of eight thousand dollars due J. M. Cottingham & Co. was simulated or pretended then you will reach the conclusion that sale was fraudulent."

There were verdict and judgment for the plaintiff. The garnishee appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. M. McMASTER, for appellant.—The motion of the garnishee to strike the portion of the tender of issue should have been sustained.—*Cottingham v. Greely-Barnham Grocery Co.*, 129 Ala. 200.

The charges given at the request of the plaintiff were erroneous and should have been refused.—*Brown v. Watson*, 71 Ala. 299; *Pollock v. Meyer*, 96 Ala. 172; Bump on Fraudulent Conveyances (4th ed.), p. 15, §§ 164, 165.

LOGAN & VANDEGRAAFF, *contra.*—The motion to strike the portion of the tender of issue was properly overruled. Likewise it was proper for the court to allow the plaintiff to prove that the garnishee had collected money on notes and accounts transferred to him.—*Lehman v. Greenhut,* 88 Ala. 478; *Shealy v. Edwards,* 75 Ala. 416.

The two charges requested by the plaintiff asserted correct propositions of law under the evidence in this case and were properly given.—*Proskauer v. Bank,* 77 Ala. 260; *Lehman v. Greenhut,* 88 Ala. 478.

TYSON, J.—Garnishment by a judgment creditor against a transferee under an alleged fraudulent conveyance from the debtor.

On former appeal in this case, we held that "the effects of the debtor in the possession of the garnishee, in order to be subjected, must be of such sort as that, when so ordered by the court, he can deliver them to the sheriff, that the latter may make sale thereof," and that notes and accounts, being mere choses in action, the court could not direct a sale of them.—*Cottingham v. Greely-Barnham Grocery Co.,* 129 Ala. 200; 30 So. Rep. 560. But this is far from holding that after the garnishee, when shown to have acquired the notes and account by a fraudulent transfer, has collected money upon them, that the money cannot be subjected. In contemplation of law, as against the creditors the money so collected is the property of the debtor, and therefore subject to the writ of garnishment. There was, therefore, no error in the ruling of the court upon the motion to strike a certain part of the tender of issue, nor in the admission of the evidence introduced by plaintiff to show that the garnishee had collected certain sums of money upon the notes and accounts, there being evidence tending to show, that the transfer by which he acquired the ownership from the debtor of these choses in action was actually fraudulent.

A misstatement of the consideration in the bill of sale is not conclusive evidence of fraud, but only presumptive evidence of it, which may be rebutted.—*Stover v. Herrington,* 7 Ala. 142. In view of the tendency of the testi-

[Matkin *et al.* v. Marengo County *et al.*]

mony offered in behalf of garnishee that he was a *bona
fide* creditor in a sum much larger than the value of the
property conveyed to him, which if believed by the jury,
rendered the conveyance lawful, regardless of the rela-
tion of the parties to it or of the badges of fraud (*Pol-
lock v. Meyer,* 96 Ala. 172), the giving of the written
charges at the request of plaintiff was error.

Reversed and remanded.