[Hooper v. The State.]

# Hooper v. The State.

*Proceedings to increase Assessed Valuation of Property for Taxation.*

1. *Appeals; rulings upon motion to quash not reviewed when not shown by bill of exceptions.*—The rulings of a trial court on motion to quash will not be reviewed on appeal, when the motion and the rulings thereon are not shown in the bill of exceptions.

2. *Proceedings to increase assessment of property for taxation; sufficiency of declaration filed after appeal from commissioner's court.*—On an appeal to the circuit court from the order of a court of county commissioners, fixing a valuation of property for taxation in a proceeding instituted by a back tax commissioner for the purpose of increasing the assessed valuation of said lands, a declaration filed by the solicitor for the State, which alleges that the raised assessment of taxes made by the back tax commissioner of said county on the property of the designated tax payer, is just, true and correct, is a sufficient complaint, and is not subject to demurrer upon the ground that it did not aver that the assessment was incorrect.

3. *Taxation; property subject to assessment for taxation for the tax year of 1902, not affected by Act approved March 3d, 1903.* The provision of subdivision 7 of section 3911, of the Code of 1896, subjecting moneyed capital, solvent credits, etc. to taxation, is not affected, so far as the tax year 1902-3 is concerned, by the act approved March 3d. 1903, to provide "for the revenue of the State," (Acts 1903, p. 184), which, by omitting said subdiviison 7 of section 3911, thereby repealed the same; such tax year commencing on the 1st day of October, 1902, as of which time the assessment is made, and there being nothing in the repealing statute to indicate an intention that it should be retroactive.

4. *Taxation; property secured by pledge of United States bonds taxable.*—While bonds issued by the United States are exempt from taxation, money or property secured by a pledge of such bonds is taxable.

5. *Same; solvent credits and money deposited in bank subject to taxation.*—Where an individual conducts a private bank with a fixed capital, the solvent credits of the owner of said bank and the money deposited with him and used in his business are subject to taxation for the tax year commencing Oct. 1st, 1902. under subdivision 7 of section 3911 of the Code of 1896; such property being a separate and distinct species of property from "shares of stock in an incorporated bank."

APPEAL from the Circuit Court of Marshall.

Tried before the HON. J. A. BILBRO.

The proceedings in this case were instituted by the tax commissioner of Marshall County, for the purpose of having the assessment of the appellant, J. F. Hooper, as to his personal property increased. The facts relating to the proceedings in the commissioner's court and the appeal to the circuit court, and the pleadings in the circuit court are sufficiently shown in the opinion.

On the trial of the case in the circuit court, it was shown by the evidence that J. F. Hooper was engaged in the banking business; that the assessment referred to related to such business; that he, as an individual, owned and conducted a private bank; that upon Hooper's letterhead it was stated that his bank had a capital of $50,000.00. The defendant, as a witness, testified that he had only $25,000.00 invested in the bank; that $10,000.00 of this was in United States bonds. He further testified that there were time deposits and demand deposits in his bank. A statement taken from the books of the defendant's bank showed, under the head of assets, that on Oct. 1st, 1902, there were loans and assessments amounting to over $49,000.00, and that there were overdrafts amounting to about $1,800.00; that there was cash in the bank of nearly $6.900.00, and there was deposited with other banks $2,500.00.

This same statement showed under the head of liabilities $25,000.00 capital, and time and demand deposits amounting to something over $32,000.00, and bills payable of $20,000.00. There was other evidence introduced tending to show that the loans and discounts of said bank ranged from $45,000.00 to $52,000.00.

In the court's oral charge to the jury it instructed

[Hooper v. The State.]

them, among other things, as follows: (A) "All moneyed capital used by the defendant in his business, that is all money lent, solvent credits, or credits of value, and all money used by him in said business in buying or discounting notes, bonds, or bills of exchange should have been assessed by him for taxation, whether it was his own money or money received by him on deposit from third persons to be repaid either on demand or at a specified time." (B) "Bonds of the United States are not subject to taxation, but if they are used for the purpose of obtaining money, and money is obtained on them which is used in making loans, and discounting notes, bonds, or bills of exchange, such money is liable for taxation under the laws of Alabama as moneyed capital."

The defendant separately excepted to each of these parts of the court's oral charge, and also excepted to the court's refusal to give the following, among other written, charges requested by the defendant: (2.) "The court charges the jury that the amount of solvent credits of the defendant due to his bank is immaterial, if the capital stock did not exceed $25,000.00." (4.) "The court charges the jury that if on Oct. 1, 1902, the defendant was engaged in a general banking business, then the solvent credits of defendant belonging to and employed in said banking business, are not an independent subject of taxation, but are material in ascertaining the value of the capital stock employed in said business on Oct. 1, 1902." (5.) "The court charges the jury that if the defendant was on Oct. 1, 1902, engaged in a general banking business, then the defendant can not be taxed upon either demand or time deposits made by third persons in his bank." (7.) "The court charges the jury that if the defendant was on Oct. 1, 1902, engaged in a general banking business, then his property employed in such business cannot be taxed at a greater rate than the property of an incorporated bank engaged in the same business." (9.) "The court charges the jury that the extension to incorporated banks of the right and privilege of being taxed only on the actual market value of the shares of its stock, entitled the individual citizen to the right to deduct from his solvent credits the amount of his indebtedness." (13.) "The court charges the jury

8

that from the amount of his solvent credits on Oct. 1, 1902, the jury must deduct the amount of his capital stock which was at the time invested in U. S. bonds, if any." (14.) "The court charges the jury that under the constitutional provisions that the property of private individuals and corporations in this State shall be taxed at the same rate, and under the statutes making shareholders in incorporated banks taxable only on the actual market value of the shares of their capital stock, the individual citizen is entitled to deduct from his solvent credits the amount of his individual indebtedness."

From a judgment in favor of the State, as shown in the opinion, the defendant tax payer prosecutes the present appeal, and assigns as error the rulings of the court upon the pleadings, and the giving of the portions of the oral charge, to which exceptions were reserved, and the refusal to give the several charges requested by the defendant.

STREET & ISBELL, for appellant.—The complaint filed by the State in the circuit court was subject to the demurrer interposed to it. Such complaint should have averred that the assessment made by the tax assessor was incorrect, or wherein it was incorrect.—*Ex parte Howard,* 120 Ala. 185.

Defendant was engaged in the business of an individual banker at Albertville, Ala., in Marshall County. He had no tangible personal property, subject to taxation, except the fixtures and furniture used in his bank. He owned no real estate in the County, and no money, choses in action, or solvent credits, or credits of value, except the capital stock invested by him in said banking business and the bills receivable into which the same in due course of the business, had become converted. These facts were undisputed. Upon these facts the defendant insisted that he was entitled to have the property invested by him in said banking business assessed for taxation in the manner provided by section 3911, sub-div. 8 of the Code. This contention is based upon the constitutional guaranty, "That the property of corporations and individuals must be taxed at the same rate."—Con. of Ala. (1901) § 217. The following author

[Hooper v. The State.]

ities clearly establish the proposition, that if a statute provides a certain rate or method of taxation for property of a corporation employed in a certain kind of business, this constitutional provision guarantees that the property of individuals engaged in the same business, shall be taxed at the same rate, and in the same manner. *Bank v. Board of Revenue*, 91 Ala. 217; *Mayor v. Stonewall Ins. Co.* 53 Ala. 581; *State v. Stonewall Ins. Co.* 89 Ala. 335.

The spirit if not the very letter of the constitutional provision (Const. 1901, § 217) is violated unless the owner of the capital of an unincorporated bank is taxed thereon in the same manner, and at the same rate as are the share holders in an incorporated bank.—*Bank v. Board of Revenue*, 91 Ala. 218; *Cummings v. Nat. Bank*, 101. U. S. 153; *Pelton v. Nat. Bank*, 101 U. S. 143; *Hills v. Bank*, 105 U. S. 319.

MASSEY WILSON, Attorney-General, for the State. The motion is not shown in the bill of exceptions and for that reason cannot be considered.—*Culver v. Caldwell*, 137 Ala. 125; *Wilson v. The State*, 136 Ala. 114.

The action of the court in overruling the demurrer to the complaint was proper. The issue to be determined in the Circuit Court was, whether the assessment made by the back tax commissioner was just, true and correct, —being the same issue which was tried by the county commissioners and upon which the appeal was taken from the decision of that court.—Revenue Code (1901), p. 162, Sec. 10; Acts 1903, p. 223, Sec. 10; *Sullivan v. The State*, 110 Ala. 95-98; *Birmingham, etc., Association v. The State*, 120 Ala. 403-11.

Sub. 7, Sec. 3911 of the Code, relating to the assessment of solvent credits, was substituted by an amendatory act approved March 4, 1903, the new sub-division providing for a record tax on mortgages, and having no reference to the taxation of solvent credits.—Acts 1903, p. 227. But the repeal of this statute does not affect the liabilities of the tax payer for taxes which had already become a charge on his property, there being nothing in the statute to indicate an intention that it

[Hooper v. The State.]

should be retroactive, and there being other statutes, left of force, under which the collection might be enforced.—Cooley on Taxation, (3d ed.), pp. 21-22; 26 Am. & Eng. Enc. of Law, (2d ed.), pp. 752-3.

The portion of the oral charge marked **B** was correct. Bonds of the United States are exempt from taxatic . but money or property secured by a pledge of such bonds is taxable. This is what the charge asserted.—*Savings v. San Francisco*, 131 Cal. 356; *Security v. San Francisco*, 132 Cal. 599.

The statutes under which this assessment was made is not offensive to section 217 of the constitution. (Con. 1875, Art. 11, Sec. 6, p. 95, Code.) The guarantee is that the property of corporations and individuals shall be taxed at the same rate. Under this section as well as under that fixing taxation of property according to valuation of property taxed (Section 211, of the Constitution, Sec. 1, Art. 11, Con. 1875), the rule is that only property of the same species must be taxed alike.—*Bank v. Board of Revenue*, 91 Ala. 217, 233; 27 Am. & Eng. Ency. of Law, (2d ed.), 604 and cases cited; *Commonwealth v. Delaware Div. Canal Co.* 123 Pa. St. 594. 620-5; *Pacific Express Co. v. Seibert*, 142 U. S. 339; *Block v. The State,* 113 Wis. 205, 219.

HARALSON, J.—J: F. Hooper, the defendant, returned for the year 1903 an assessment of personal property at \$25,000.00. It consisted, as shown by the return, of "moneyed capital, that is, money lent, solvent credits, or credits of value, and all money employed in the business of advancing, or pending on any kind of chattels, choses in action, or personal property or used in buying or discounting notes, bonds or bills of exchange."

The tax commissioner objected to this assessment, as being less than the actual cash value of the property returned, and made an additional assessment which was returned to the commissioners' court, and notice thereof was given by him to the said J. F. Hooper, and the commissioners caused notice of the same to be issued and served on him. At the August term, 1903, the assessment by the tax commissioner was sustained. The

order reads: "Ordered by the court, that the assessment be sustained as an additional assessment of $25,000.00, this August 12, 1903." Thereupon, the said Hooper appealed to the circuit court, executing an appeal and supersedeas bond.

When the case reached the circuit court, the state filed a complaint as follows: "On appeal from the commissioners' court. Fall Term, 1903. Comes the state by its solicitor and alleges that the raised assessment of taxes made by T. M. Patterson, Back Tax Commissioner of said county, on the 14th day of last July on the property of J. F. Hooper, a copy of which is hereto attached, is just, true and correct."

The defendant moved to quash the proceedings on several grounds, which were overruled. Thereupon, he demurrd to the complaint, on grounds, substantially, that it did not aver that the assessment was incorrect. The demurrer was overruled and on trial, the additional assessment of the commissioner was sustained, and judgment was rendered against him for $350.00, the amount of taxes on the original and increased assessment.

The motion of the defendant to quash the proceedings, on grounds set up therefor, was not shown in the bill of exceptions, and cannot for that reason be here reviewed. *Wilson v. State*, 136 Ala. 114; *Cottingham v. Greely*, 129 Ala. 200; *Randall v. Wadsworth*, 130 Ala. 633. The judgment of the court overruling the demurrer was free from error.—*T. C. I. & R. R. Co. v. State* (*Ante. p.*) 37 So. Rep., 433.

This appeal is from the additional assessment imposed on the property by the Back Tax Commissioner, under section 10 of "An Act to provide for the more efficient assessment and collection of taxes," approved February 21, 1899 (Revenue Code, 1900, p. 158). In the circuit court the state filed a complaint as above set out. The burden was on the state to prove the fact alleged, which burden was assumed by the state. The issue to be determined in the circuit court was, therefore, whether the assessment made by the Back Tax Commissioner was just, true and correct.

The defendant, J. F. Hooper, on the 14th of July, 1903, returned his property to the assessor, for assessment in the tax year 1902-3, as shown by the first paragraph of this opinion. This was in the language of section 3911 of the Code of 1896, subdivision 7. The same subdivision of said section appears in the Revenue Code, approved February 21, 1899.

By the Act of March 3rd, 1903, "To provide for the revenue of the state," (Acts 1903, p. 184), said last-named act amended said subdivision 7 of section 3911, by providing for what is termed "privilege taxes" on mortgages, deeds of trust or instruments in the nature of a mortgage, to secure the payment of any debt, and made no reference to taxation of solvent credits, (Acts 1903, p. 227). Said subdivision was omitted and thereby repealed. This, however, was after the date of the return of the tax payer of his taxes for 1903. This assessment as returned by the tax payer and made by the assessor, was as of the 1st of October, 1902, on which date the tax year, ending Sept. 30th, 1903, began. The assessment begins October 1; the fiscal tax year begins and the lien for taxes attaches on that date.—Code, §§ 3911, 3920, 3921 and 3933. At that date, all the property described in said subdivision 7 was by the statute expressly subjected to taxation; and the money used in defendant's business, lent out by him and invested in choses in action was taxable. The statute allowed no deduction for the tax payer's liability, as had, at one time (Code 1896, § 453, sub. 7), been allowed. The repeal of said subdivision 7 of said section 3911 did not affect the liability of the tax payer, for taxes which had already become a charge on his property. There was nothing in the repealing statute to indicate the intention that it was to be retroactive. "In general, when a tax system is revised, with a repeal of the former law, it is safe to assume that the legislative intent is, that the new enactment shall be of prospective force only, and shall not disturb existing valid assessments."—1 Cooley on Taxation, pp. 21, 22.

The part of the oral charge marked B was correct. Bonds of the United States are exempt from taxation

but money or property secured by a pledge of such bonds is taxable.—*Savings Association v. San Francisco,* 131 Cal. 356; *Security Bank v. San Francisco,* 132 Cal. 599.

Section 1, Art. 11, Const. 1875 (Section 211 of the Constitution of 1901) provides that all taxes levied on property in this state, shall be assessed in exact proportion to the value of such property; and section 217 of the present Constitution (Const. 1875, Art. 11, § 6) provides, that "the property of private corporations, associations and individuals of this state shall be forever taxed at the same rate."

In *State Bank v. Board of Revenue,* 91 Ala. 217, the court said in construction of these provisions, that "Whenever the legislature levies a tax on property, the rate must be in exact proportion to the value of such property; and that if a tax is imposed on any species of property, all property belonging to that species must be taxed at the same rate, whether it belongs to an individual, an association of persons, or to a private corporation."

In *West. U. T. Co. v. State Board,* 80 Ala. 280, it was said: "It is not controverted, that the taxing power may select the subjects of taxation, and constitutionally classify them. Taxes should be imposed on any subject, in just proportion to the benefits and protection which such a subject receives more than other subjects of taxation. The rule of uniformity does not require that all subjects be taxed, nor taxed alike. The requirement is complied with, when the tax is levied equally and uniformly on all subjects of the same class and kind."

In the 91 Ala. case, referred to it was held that "bank shares are neither money loaned, solvent credits nor credits of value; nor are the latter, bank shares. They are, each of them, a species and only a species of the generic class, moneyed capital," and being of a different species of property from "shares of stock in an incorporated bank," they may be reasonably grouped into separate classes, and different methods of assessments provided   "Such classification may properly be used upon inherent difference in the nature of various classes or upon want of adaptability to the same methods of

taxation, or it may be based upon well grounded considerations of public policy, and when the classification rests upon such grounds the court will not interfere." 21 Am. & Eng. Ency. of Law, ( 2nd ed.) 604; *Commercial Bank v. Chambers*, 182 U. S. 556.

There was no error in refusing the several instructions requested by defendant. They were intended, for the most part, to instruct the jury that defendant's solvent credits and money deposited with him and used in his business are not taxable property, and should not be assessed against him for the purposes of taxation, which we have seen is not a meritorious claim.

The motion for a new trial is not insisted on.

Affirmed.

MCCLELLAN, C. J. and, TYSON and DOWDELL, JJ., concurring.