# THE WETUMPKA AND COOSA RAIL ROAD COMPANY v. HILL & LOCKETT.

1. When articles of agreement under seal purport to be between the defendants of the first part, and the plaintiff of the second part, the non execution of the instrument by the plaintiff, will not prevent the defendants from being held liable.
2. Debt is a proper form of action on an instrument, under seal, whenever a pecuniary demand, which can readily be reduced to a certainty, is sought to be recovered.

Writ of error to the Circuit Court of Autauga.

DEBT on a sealed instrument, by Hill and Lockett, against the Rail Road Company.

The declaration complains of the defendant, that it render to the plaintiffs the sum of ten thousand dollars, which it owes to, and unjustly detains from them.   The instrument is set out in the declaration, and is to the following effect : It purports to be an agreement entered into by the company, of the first part, and the plaintiffs, of the second part, but is sealed only by the former.   By it the party of the second part is said to contract, to execute the clearing, grubbing, and grading upon that part of the line of the Rail Road, between stations 368 1-2 and 475, left unfinished by the forces of the company of Messrs. Child, Hill & Co., or such portion as the plaintiff should be able to complete by the 1st day of January, 1840, at the following prices, to wit : for clearing and grading, at the rate of 300 dollars per mile.   For excavation and embankment, at the rate of 23 cents per cubic yard.   For hard firm, rock, or any other substance harder than common clay, at the prices usually paid, or as may be agreed on between the engineer of the company and the parties of the second part.   The whole work to be executed in accordance with the instructions of the engineer.

The plaintiffs then aver, that in accordance with the stipulations of the said agreement, they executed 6,376 24-100 cubic yards of excavation, which at 23 cents per cubic yard, amounted to 1,466 53-100 dollars.   Also, 6,406 80-100 cubic yards of embankment, which, at 23 cents per cubic yard, amounted to 1,473 56-100 dollars.   Also 6,100 feet of clearing and grubbing, which, at 300 dollars per mile, amounted to 346 59-100 dollars ; which respective sums amount to 3,286 86-100 dollars, exclusive of interest which has accrued.   It then avers notice to the defendant, of the premises, and concludes, that by reason of the said sum of 3,286 86-100 dollars remaining due and unpaid, an action hath accrued to the plaintiffs to have the said sum of, and from, the said defendant, which it neglects and refuses to pay to their, damage of 10,000 dollars.

The defendants demurred to this declaration, and its demurrer having been overruled, the judgment upon it is now assigned as error.

Pryor, for the plaintiff in error, made two points—

1. That the instrument sued on is incomplete, and was never executed by the plaintiffs.

2. Debt will not lie on such a contract, covenant is the only proper remedy. [1 Chitty, 114; Platt on Con. 545; Fontaine v. Aresta, 2 McLean, 127; McKenzie v. Connor, 1 Stewart, 162.]

S. P. Storrs, contra, insisted, that the action was well brought, debt being the appropriate remedy, when the sum to be recovered is certain, or can be made so by acts done under the agreement of the parties. [2 Stephen's Nisi Prius, 1058, 1179; 2 Lord Raymd. 814; Walker v. Witter, 1 Douglass, 6; U. States v. Colt, 1 Peters C. C. 146.]

GOLDTHWAITE, J.—1. Neither of the grounds assumed against the declaration are considered by us as being available. It is not essential to the plaintiff's right to recover, that they should have become bound by the same instrument, or in the same manner as the company was bound to them. The right to compensation from the company, does not depend upon the question, whether the plaintiffs were bound; payment under the contract could only be called for upon the performance of the work; and this payment the company covenanted to make, by the instrument set out in the declaration.

2. The point principally relied on, however, is, that covenant, and not debt, is the appropriate form of action, to enforce this contract. Covenant is said to be the *peculiar* remedy for the performance of a contract under seal, when the damages are unliquidated, and depend in amount, on the opinion of a jury. [Chitty Plead. 116.] Debt, it is said, is not in any case sustainable, unless the demand be for a sum certain, or for a pecuniary demand, which can readily be reduced to a certainty. [Ib. 110.]

Here the damages arising out of the non payment of what has been earned, cannot be said to be unliquidated; the agreement of the parties provides a specific mode and rule of payment, which is ascertained as soon as it is known what work was done. It is therefore, a pecuniary demand, which can readily be reduced to a certainty. Indeed, it is every way

more certain than a charter party of affreightment, or a policy of insurance, upon either of which, it is said debt will lie. [Ib. 107.]

There seems to be no error in this form of declaring.

Judgment affirmed.