## Pugh, Stone & Co. v. Barnes.

### *Action on Contract.*

1. *Action on contract to pay debt of another.*—Where the defendant has agreed to pay a debt due by a third person to the plaintiff, and the latter consents to the arrangement and releases such third person with consent of the defendant, the rights of the parties become fixed, and the defendant cannot show in defense of an action on the agreement, that such third person had not performed his part of the contract. But if the plaintiff has not consented to the arrangement, and discharged his debtor, the defendant can in an action by plaintiff on such contract, make any defense he could have made had the suit been brought by such third person.

2. *Evidence; statements by deceased.*—In an action upon a contract whereby the defendant agreed with a person since deceased, to pay a debt due by him to the plaintiff, the defendant may testify as to statements made by the deceased, showing a breach by him of the contract, since the estate of the deceased is not interested in the result of the suit.

APPEAL from Tallapoosa Circuit Court.

Tried before Hon. N. D. DENSON.

The evidence introduced in this cause, and the rulings thereon are sufficiently shown by the opinion. The court refused to give the following charge requested in writing by the plaintiff; "If the jury believe from the

evidence, that in consideration of the defendants promise under the contract, to pay plaintiffs $100, the latter released Lucy Thomas and G. W. Matthews of $100 on their debt to plaintiffs by and with the consent of the defendant, then I charge you, it makes no difference whether the boys performed the services under the contract or not, so far as the plaintiffs right to recover against Barnes may be affected by failure to perform such services."

The jury rendered a verdict for the defendant, and thereupon, the plaintiff made a motion for a new trial, which was refused, and plaintiff appealed.

H. J. GILLAM and T. L. BULGER, for appellant.

GARRETT & STROTHER, *contra*.

COLEMAN, J.—Lucy Thomas and G. W. Matthews were indebted to Pugh, Stone & Co., in the sum of two hundred dollars. The creditors, Pugh, Stone & Co., brought about a contract evidenced by writing between Lucy Thomas and the appellee, John L. Barnes, in which it was stipulated that Barnes was to pay two hundred dollars for the hire of her two minor sons for one year, one hundred of which was to be paid to Pugh, Stone & Co. The contract of hire stipulated that the hirer should have the right to deduct from the amount agreed to be paid as hire for all loss of time, and it was further provided that if the boys did not perform faithful work the hirer should have the privilege of hiring them to some other person. Pugh, Stone & Co. did not sign the agreement, and on its face, it appeared to be a contract between Lucy Thomas, and John L. Barnes only. The boys worked for Barnes about four and a half months. Barnes refused to pay Pugh, Stone & Co. the one hundred dollars, and they brought this suit. At the time of the trial, Mrs. Thomas was dead.

The two questions which arise in the case, are, first, whether in defense of the action, Barnes could show as against the plaintiffs, Pugh, Stone & Co., a failure on the part of the boys to comply with the contract; and second, Mrs. Thomas being dead, whether Barnes was a competent witness to testify to any statements made by her, relative to the non-performance of the contract

and her refusal to permit him to hire the boys to a third person as provided therein. It is very clear that if Lucy Thomas was suing to enforce the contract, any failure on her part to perform her undertaking could be set up wholly or *pro tanto* in defense of the action according to the circumstances of the case. The theory of the plaintiffs' contention is, that it was mutually understood and agreed as a part of the consideration of the agreement, to which Barnes was a party, and so understood by him, that they were then to credit the debt of Lucy Thomas and G. W. Matthews, with the one hundred dollars, which Barnes agreed to pay them and to look to Barnes for the amount, and to which they assented and accepted. Barnes controverts the truth of this statement. He insists there was no agreement made with the plaintiffs whatever, that he had no such understanding, and that so far as he is concerned, there was no undertaking on his part except the one made with Lucy Thomas, and that his liability rests entirely within the written contract, and not upon any act done or to be done by Pugh, Stone & Co.

We are of opinion that if it was understood and agreed between Lucy Thomas and Barnes, being in part the consideration for the hire, that Barnes was to pay Pugh, Stone & Co. one hundred dollars on the debt of Thomas and Matthews, and Pugh, Stone & Co. accepted and assented to the arrangement in such sort as to become bound to credit their claim with this amount, and it was so understood by Barnes, the rights of the parties became vested and fixed, and Barnes could not show in defense of his liability, on this phase of the case, any breach of the agreement on the part of Lucy Thomas. By such an agreement he would become the absolute debtor to plaintiffs. We further hold that the contract itself gave Pugh, Stone & Co. a right of action independent of any other agreement that Mrs. Thomas' debt was to be credited at the time.

So far as plaintiffs sought to maintain their suit upon the stipulation contained in the written agreement by which Barnes agreed to pay them one hundred dollars, and not upon an agreement that they were to credit Lucy Thomas with one hundred dollars, and to look to Barnes for this amount, the action was subject to the same defenses that could have been made, had the suit

[Pugh, Stone & Co. v. Barnes.]

been brought by Lucy Thomas. No agreement between Pugh, Stone & Co. and Lucy Thomas, to which Barnes was not a party, expressly or impliedly, would bind him, and mere knowledge on his part, without more, of any such agreement would not bind him.—*Mason v. Hall*, 30 Ala. 599; *Huckabee v. May*, 14 Ala. 263; *Dimick v. Register*, 92 Ala. 458; *Comer v. Eads*, 65 Ala. 190.

There are but three assignments of error. The first is the ruling of the court in permitting the defendant to testify as to statements of deceased. Second, the refusal of the court to charge the jury as requested, and third, overruling the motion for a new trial.

The defendant was permitted to testify to statements of Lucy Thomas, deceased, which tended to show a breach of the contract on her part. It is contended by appellants that her estate was directly interested in the result of the suit, that if plaintiffs recovered upon the contract her estate would be benefitted. We do not see how the result of this litigation can affect her rights in any way. If the argeement was that she was to be credited with one hundred dollars at all events, and was so credited, the result of this action can in no wise increase her liability to Pugh, Stone & Co. On the other hand she is not a party to the litigation between Pugh, Stone & Co. and Barnes, and any judgment rendered cannot be evidence against her. She can sue Barnes for the full hire of the boys. He may show in defense that he has paid Pugh, Stone & Co. one hundred dollars, if he had made such payment, but he can do this independant of the suit of Pugh, Stone & Co. against him. If Pugh, Stone & Co. fail in their suit, or if he does not pay them, he is liable to Lucy Thomas notwithstanding the stipulation for the full amount of the agreed hire.

The court did not err in admitting the evidence. There was no error in refusing the charge requested. It was not full enough and was calculated to mislead. The evidence fully authorized the jury in finding the issue for the defendant and the court properly denied the motion for a new trial.

Affirmed.