# Nathan *v.* St. John.

*Garnishment.*

(Decided April 28, 1906.  40 So. Rep. 970.)

*Garnishment; Liability of Garnishee; Judgment Debtor; Compromise of Judgment.*—A judgment awarded solicitors fees to defendant in execution against garnishee, and the complainant and garnishee and attorney agreed, after service of the garnishment upon garnishee,—the defendant to the other judgment,—to compromise and settle the judgment for a sum certain which was paid by garnishee and the judgment against garnishee was compromised and settled. Held, the garnishee was liable to the judgment creditor of execution defendant for the amount of the original judgment against him in favor of the execution defendant.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Ellen F. St. John against John R. Tomkpins in which David S. Nathan was made garnishee. The facts are stated in the opinion of the court. From a judgment against garnishee, he appeals.

MCALPINE & ROBINSON, for appellant.—The counsel fee was part of the alimony decreed to the wife pendente lite, and the wife had the absolute right to cancel and satisfy the decree either in full or in part including the solicitor's fee.—*Turner v. Turner,* 44 Ala. 437; *Parson v. Darrington,* 32 Ala. 227; 2 Am. & Eng. Ency. of Law, 144. With the exception of cases of conveyances or transfers or agreements made to defraud creditors, a garnishment cannot be employed to reach or subject any debt which the debtor suing in his own name cannot recover in an action ex contractu or indebitatus assumpsit.—*Cunningham v. Baker,* 104 Ala. 160; *Jones v. Crews,* 64 Ala. 368.

BESTOR, GRAY and BESTOR, for appellee.—In the ab-

sence of all evidence save such as the record furnishes, a debtor must look upon the person for whose use a judgment is recovered as being the true owner.—*McGhee v. Gindratt,* 20 Ala. 95. Where a judgment is recovered for the use of another, it is the duty of the judgment debtor to make payments to the real person at interest.— 17 Am. & Eng. Ency. of Law, 859. So John R. Tompkins is the owner of the judgment, and David S. Nathan would not have been relieved from paying the money a second time if Mary L. Nathan had received the counsel fees and misapplied them. John R. Thompkins could have maintained an action at law for the recovery of the amount of said decree.—*Henderson v. Hall,* 134 Ala. 457; *Gardner v. M. & N. W. R. R. Co.,* 102 Ala. 642; § 29, code 1896. Neither Tompkins nor Mary L. nor D. S. Nathan could do anything to destroy the lien after it attached.—*Dove v. Dawson,* 6 Ala. 712; *White v. Simpson,* 107 Ala. 393; 14 A. & E. Ency. of Law, 858. The contest of the answer of the garnishee and the issue thereon was properly and sufficiently made.—*Marston v. Carr,* 16 Ala. 325; *Harrell v. Whitman,* 19 Ala. 135.

HARALSON, J.—The case was tried on an agreed statement of facts, from which it appears, "that on April 24th, 1903, a valid decree was rendered in the chancery court of Mobile county, Alabama, in a suit therein pending entitled Mary L. Nathan v. David S. Nathan, No. 7,348, which, among other things, ordered, adjudged and decreed, "that the complainant be allowed, out of the estate of the defendant, the further sum of $250.00 for the services of her solicitor, in the prosecution of this cause, and the said defendant is ordered to pay this sum of $250.00 to John R. Tompkins, Esq., the solicitor of the complainant, or into the registry of this court for his use and benefit, within the next ten days."

It was further agreed that on the 29th of April, 1903, two writs of garnishment were issued out of the circuit court of Mobile county, in the case of Ellen F. St. John v. John R. Tompkins, to Charles K. Holt, as register in chancery and David S. Nathan as garnishee; that on May 26th the said Holt filed his answer denying all indebtedness, etc. (which answer was not contested); that said

decree was unsatisfied, so far as the payment to him of said $250.00 by said David S. Nathan for the use of John R. Tompkins was concerned; that on May 16, 1903, said David S. Nathan filed his answer to the bill, denying any and all indebtedness, etc. It further appears therefrom that at the time of the issuance of said writs of garnishment, and at the time of their service on garnishee, said decree was valid and unsatisfied and in full force and effect ;that subsequent to the issue and service of said garnishment writs, Mary L. Nathan, through her attorney, John R. Thompkins, agreed to settle and compromise her said decree against David S. Nathan (a divorce suit wherein álimony pendente lite, of $22.50 per month also had been allowed complainant) for the lump sum of $75.00 for which a receipt was given to said David S. Nathan, as paid by him; that said settlement and compromise was had subsequent to the issuance and service of said writs of garnishment, and the sum agreed on was paid over to Mrs. Nathan; that said decree has not been appealed from, and is still unsatisfied unless said compromise satisfied and settled it, and that no payment, either before or after the issuance of the service of said writs, other than the payment of said $75.00 in compromise, has ever been made by said David S. Nathan to Mary L. Nathan, John R. Thompkins or Charles K. Holt, as register, or either of them.

It is further agreed that a contest of the answer of said David S. Nathan was properly made, at the last term of this court (the term at which said answer was made), and was continued until this term, and the said John R. Thompkins agreed for Mrs. Nathan to accept the $75.00 in full and cancel and satisfy the decree.

The court rendered judgment on the trial of the contest, against said David S. Nathan for $250.00, besides the costs created in the cause, to reverse which he prosecutes this appeal.

Fraud not intervening, the garnishment operates only on the legal rights of the defendant in attachment or judgment—such rights as he could enforce by action at law in his own name. If it is a demand due and owing

the defendant which is subject to be subjected, it must be of a character on which he could maintain an action of debt, or indebitatus assumpsit.—*Henry v. Murphy*, 54 Ala. 251; *Jones v. Crews*, 64 Ala. 371, 372; 1 Brick. Dig. 175, § 313.

"With the exception of cases of conveyances, or transfers, a garnishment cannot be employed to reach or subject any debt, or any demand, the debtor, suing in his own name, cannot recover in an action ex contractu, or, as it is generally stated, in an action of debt, or indebitatus assumpsit."—*Cunningham v. Baker*, 104 Ala. 169, 16 South. 68, 53 Am. St. Rep. 27; 1 Brick. Dig. 175, § 314.

"It has long been recognized as the appropriate common law remedy for the recovery of definite sums of money declared to be due and payable by judgments of courts of record."—5 Ency. Pl. & Pr. 904.

In *Morrison v. Morrison*, 3 Stew. 444, it was held that an action of debt will lie on a decree or order of the judge of the county court directing the payment of a sum of money, which does not appear from inspection to be void.

"At common law it is necessarily implied that every person is bound, and actually agrees to pay such particular sums of money as are charged on him by the sentence, or assessed by the interpretation of the law. What sum, therefore, the laws order any one to pay, that instantly becomes a debt, which he hath beforehand contracted to discharge."—*Denison v. Williams*, 4 Conn. 402; 5 Am. & Eng. Enc. Pl. & Pr. 905, note; Am. & Eng. Ency. Law (2nd Ed.) 983; *Allen v. Dickson*, Minor. 120.

It would seem to be very well settled, therefore, when the chancery court rendered a judgment in favor of defendant in garnishment, John R. Tompkins against David S. Nathan, for $250 the amount became a debt from Nathan to Tompkins, for which the latter might have maintained an action against Nathan, and that the writ of garnishment was a proper remedy, on the part of plaintiff, to condemn the debt towards the payment of her judgment. She acquired all the rights thereby against Nathan that Tompkins had, and substituted her as a judgment creditor, to the place and stead of the original

creditor, John R. Tompkins, the defendant in the judgment.—*White v. Simpson,* 107 Ala. 394, 18 South. 151.

The service of the garnishment created a lien on the debt or demand due or owing from the garnishee, a lien which was inchoate but which was perfected by the judgment of condemnation. Before this judgment was rendered, after the service of the garnishment writ, this lien was incapable of impairment by any agreement or transaction between the defendant and the garnishee, or by any act of either.—Id.

The alleged settlement between Mrs. Nathan, and her attorney, Mr. Tompkins, and David S. Nathan, was of no consequence in defeating the rights of the plaintiff in garnishment. The court below so held, and we have not been shown that the holding was erroneous.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.