# Grand Lodge United Brothers of Friendship, and Sisters of Mysterious Ten *v*. Harrison.

## *Garnishment.*

(Decided May 14, 1912.  59 South. 307.)

1. *Garnishment; Answer; Liability.*—Before a court can enter a judgment against a garnishee on his answer, the answer must contain a distinct admission by him of a legal debt due, or to become due by him to the principal debtor, and hence, where the answer is a general denial of indebtedness, to overcome this denial, the particular facts stated by the garnishee, which are relied on to overcome the general denial, must clearly and distinctly disclose the liability of the garnishee.

· 2. *Same; Examination of Garnishee; Answer.*—Where the garnishment was run against a corporation for the individual debts of one of its officers, and the treasurer of the corporation denied its liability to the principal defendant, and plantiff requested that the treasurer be required to answer orally, and the treasurer was sworn, the examination which followed, was not as a trial of a contest of the answer, but was in the nature of a further answer to the same effect as though in writing, and it was error to exclude the treasurer's statement that the books of the corporation show that the principal defendant had drawn his salary for the year, and that he was indebted to the corporation, and it was error also not to allow time for the production of books and records of the corporation to prove that fact.

3. *Same; Property Subject.*—Only such debts or money demand can be reached by garnishment as the defendant himself might reach or recover in an appropriate action of debt in his own name.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by L. H. Harrison against A. C. Howe with garnishment in aid of suit to the Grand Lodge

United Brothers of Friendship and Sisters of Mysterious Ten. From a judgment charging the garnishee, it appeals. Reversed and remanded.

H. H. GOLDSTEIN, for appellant. As to the requirements before a judgment may be entered against garnishee on his answer, see.—*Jefferson County S. Bank v. Nathan,* 138 Ala. 342. The court erred in excluding the evidence of the treasurer of the corporation denying indebtedness, and in not granting time to secure the books of the corporation to prove the facts.—*White v. Kahn,* 103 Ala. 308; *White v. Hobart,* 90 Ala. 368.

C. B. POWELL, for appellee. No brief reached the Reporter.

PELHAM, J.—This is an appeal from a judgment rendered against the Grand Lodge United Brothers of Friendship and Sisters of Mysterious Ten, a corporation, as garnishee, in an ancillary proceeding instituted by the appellee as plaintiff on an original judgment recovered against C. A. Howze, to reach and subject money of the defendant owing to him by the garnishee. C. A. Howze, the defendant in the original suit, against whom the plaintiff, L. H. Harrison (the appellee here), had recovered a judgment for $1,000, was at the time of the garnishment proceeding an officer of the garnishee company receiving a salary for his services of $600 *per annum.* The appellant, garnishee, made sworn answer to the writ, denying all indebtedness to the defendant, and alleging that the defendant was indebted to the garnishee, whereupon the plaintiff made a motion requiring the garnishee to answer orally. This motion was granted by the court, and the treasurer of the garnishee, one D. W. Daniels, the person who had sworn

to the written answer previously filed, appeared and was examined orally in open court. The examination of the garnishee orally through its treasurer, Daniels, showed that Howze, the defendant in execution, was "grand master" of the garnishee corporation, drawing a salary of $600 *per annum,* or $50 per month, for his services, payable in June of each year by the grand lodge from the grand lodge department; that the money of the corporation was paid out by the treasurer on drafts drawn by the secretaries; that Daniels as treasurer had paid no drafts on Howze's salary for the year ending in June 1911. The oral examination of garnishee, through its treasurer, Daniels was had on June 3, 1911. On the examination of Daniels he stated that the books of the company showed that Howze had drawn his salary for the year and that he was in debt to the garnishee; but this statement was excluded by the court on motion of the plaintiff. The garnishee asked that the examination be continued until Saturday of that week (June 10th), to allow it to produce the books and records of the company; but this request was refused by the court and judgment was entered against the garnishee on its answer for $600.

The answer of the garnishee must afford a distinct admission by him of a legal debt due or to become due by him to the defendant in the original suit to authorize the court to enter judgment against the garnishee on his answer, and, when the general answer denies indebtedness, to overcome this denial the particular facts stated by the garnishee which are relied upon to show the untruth of the general denial must clearly and distinctly disclose the liability of the garnishee.— *Jefferson Co. Bank v. Nathan,* 138 Ala. 342, 35 South. 355; *White v. Kahn,* 103 Ala. 308, 15 South. 595.

The plaintiff moved for an oral answer, but did not contest, and Daniels, the treasurer of the garnishee, was not being examined as a witness in the case, as on a trial of the contest of the answer, but was making answer as garnishee, and his statements were to be taken in the nature of pleading rather than measured by the rules of law applicable to the admission and rejection of evidence. The statement as to what the books showed as to the company not being indebted to Howze could have been properly set up in the written answer, and in making the oral answer it was permissible and competent for the same statement to be made of the facts relied upon by the garnishee denying indebtedness, and if the plaintiff was not satisfied he could have contested the answer and tried the issue thus formed.—*Jefferson Co. Bank v. Nathan, supra.*

It is well settled that only such debts or money demands can be reached by garnishment as the defendant himself might recover in an appropriate action of debt in his own name.—*Alexander v. Pollock & Co.,* 72 Ala. 137; *L. & N. R. R. Co. v. Dooley,* 78 Ala. 525; *Teague v. Le Grand,* 85 Ala. 495, 5 South. 287, 7 Am. St. Rep. 64; *Nicrosi v. Irvin,* 102 Ala. 652, 15 South. 429, 48 Am. St. Rep. 92; *Gray v. Perry Hdw. Co.,* 111 Ala. 537, 20 South. 968.

No admission was shown by the garnishee in its answer of a legal debt or money demand due or to become due such as the defendant could himself have recovered in a suit in his own name; but, on the contrary, there was no admission of indebtedness, but a general denial of any indebtedness was made, and the falsity of this denial was not disclosed, and a liability shown clearly and distinctly by the particular facts narrated.

[Mason, et al. v. Mason.]

The court was in error in excluding the statement made by Daniels when being examined orally, and in rendering judgment against the garnishee on its answer.

Reversed and remanded.