(115 So. 254)

McCALL, Atty. Gen., v. GRAND LODGE KNIGHTS OF PYTHIAS.
(6 Div. 13.)

Supreme Court of Alabama. Jan. 19, 1928.

1. Insurance ☞708—Statute relating to dissolving insurance associations held inapplicable to proceeding to protect trust fund, being depleted wrongfully, to irreparable injury of policyholders (Code 1923, §§ 8495–8497).

Code 1923, §§ 8495–8497, relating to examination of domestic insurance society and quo warranto proceedings to dissolve society, held inapplicable to proceeding to protect and preserve trust fund, being depleted and dissipated wrongfully, to irreparable injury of policyhold-

ers who have property right interest in such funds.

2. Insurance ☞708—Policyholder of fraternal benefit society may invoke equity's jurisdiction to protect trust funds (Code 1923, §§ 8439–8508).

Policyholder and member of fraternal benefit society, governed by Code 1923, §§ 8439–8508, has right to invoke equity's jurisdiction for protection of trust fund which is being depleted and dissipated wrongfully, to irreparable injury of policy holders.

3. Insurance ☞708—Statute relating to proceedings by Attorney General does not prevent fraternal benefit society policyholder from maintaining proceeding to protect trust funds (Code 1923, § 8498).

Code 1923, § 8498, providing that no application for injunction against, or proceedings for dissolution of, or appointment of receiver for, domestic insurance society, shall be entertained unless same is made by Attorney General, does not deprive policyholder and member of fraternal benefit society, governed by sections 8439–8508, of right to invoke equity's jurisdiction to protect trust funds through appointment of receiver without participation on part of Attorney General, since statute must be construed in view of its relation to context.

4. Insurance ☞708—Attorney General could not maintain suit to protect trust fund being depleted to irreparable injury of members of fraternal benefit society (Code 1923, § 8498).

Under Code 1923, § 8498, Attorney General could not maintain suit to protect and preserve trust fund which was being depleted and dissipated wrongfully, to irreparable injury of policyholders and members of fraternal benefit society, governed by provisions of sections 8439–8508, and plea to jurisdiction was properly sustained.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Charlie C. McCall, as Attorney General, against the Grand Lodge Knights of Pythias of Alabama, under the jurisdiction of the Supreme Lodge Knights of Pythias of North America, South America, Europe, Asia, Africa, and Australia, for appointment of a receiver to take charge of, and administer, the assets of respondent. From a decree sustaining the sufficiency of, and overruling demurrers to, respondent's plea of jurisdiction, complainant appeals. Affirmed.

Charlie C. McCall, Atty. Gen., John J. Haynes and John W. Altman, Asst. Attys. Gen., and Harwell G. Davis, of Gadsden, for appellant.

Sections 8495, 8496, 8497 relate to quo warranto proceedings and have no application to the proceeding in this case. Even so, the Attorney General would have authority to file this bill without first being directed by the superintendent of insurance. Code 1923, §§

852–857; Ex parte State, 113 Ala. 85, 21 So. 210; State v. Burke, 160 Ala. 163, 48 So. 1035; 20 R. C. L. 915; Fergus v. Russel, 270 Ill. 304, 110 N. E. 130, Ann. Cas. 1916B, 1120; Chicago Mut. L. I. Ass'n v. Hunt, 127 Ill. 257, 20 N. E. 55, 2 L. R. A. 549. If the Attorney General did not have power under the general statutes and under his common-law powers, he would have power to institute the proceeding under Code 1923, § 8498. If the statute did not require the Attorney General to bring this suit, any member with a property right in the endowment fund could maintain it. Howze v. Harrison, 165 Ala. 150, 51 So. 614; Jasper Land Co. v. Wallis, 123 Ala. 652, 26 So. 659; Bridgeport Dev. Co. v. Tritsch, 110 Ala. 274, 20 So. 16.

Fort & Jones, Hugh A. Locke, and E. A. Brown, all of Birmingham, for appellee.

In the absence of statutory provisions, courts of equity have no jurisdiction to decree dissolution of a corporation, by forfeiture of its franchise, either at the suit of an individual or at the suit of the state. Chicago, etc., v. Hunt, 127 Ill. 257, 20 N. E. 55, 2 L. R. A. 549. A court of equity in this state has no jurisdiction to entertain a bill for dissolution of, appointment of a receiver for, or issuance of an injunction against, a fraternal society, based solely upon an effort of the state to exercise its power of regulation and supervision over such society. Code 1923, § 8496. Quo warranto in a court of law is the instrumentality fixed by statute to enforce the right of regulation and supervision by the state over fraternal benefit societies. Code 1923, § 8496.

GARDNER, J. This bill is filed by the Attorney General of Alabama for the protection of the interests of policyholders, members of the subordinate lodges of defendant fraternal order.

The Knights of Pythias Order involved in this litigation is an organization of colored people, which operates as a fraternal benefit society governed by the provisions of sections 8439–8508, Code of 1923. To members of subordinate lodges there may be issued insurance policies in the sum of not less than $50 nor more that $450, this department of the order being known as the endowment department, and for which a special fund is created and maintained, and amounting annually to $200,000, with the number of 15,300 policies outstanding in December, 1926, representing insurance in excess of $3,500,000. This special fund is for the payment of death claims, incidental expenses, and fixed salaries of the officers of said department. Policyholders are interested in the maintenance and growth of this fund, not only for the payment of the policies as therein stipulated, but also for any probable refund to them under sections 8444 and 8453, Code of 1923. A further interest is the prevention of the wrongful use of this fund which might cause extra assessments under sections 8485 and 8490 of the Code. This is a trust fund, as appears from the bill in this case, to be used for purposes stated, and it is charged that this fund is being "squandered, misappropriated, and grafted upon" by the controlling named officers of the defendant order; the averments of the fourth paragraph of the bill in this respect being as follows:

"(4) Complainant avers that the controlling officers and agents in charge and control of respondent, and particularly its endowment department, have been guilty of negligence, misappropriation, graft, fraud, gross mismanagement, reckless extravagance and waste, in the handling and administration of the funds of said endowment department to such extent, as will presently appear from the facts hereinafter set forth in separate paragraphs, as that inevitably the treasury of the endowment department will be so depleted as to leave said policyholders without financial protection, the mortuary fund depleted so that the policyholders and beneficiaries will suffer irremediable and irreparable loss, and will suffer the entire waste and destruction of the mortuary fund, which in equity is a trust fund for the protection and benefit of the policyholders. Complainant therefore avers that it is necessary to preserve and protect the assets, property, and funds of respondent from such misappropriation, graft, fraud, mismanagement and reckless extravagance in order to protect its policyholders; and complainant avers to that end it is now necessary that a receiver be appointed by the court to administer upon and preserve the property, assets, and funds of the respondent."

The bill contains numerous paragraphs setting out in more or less detail the charges of fraud, graft, mismanagement, and misappropriation of these funds, which for the purposes of this appeal need no repetition here.

The defendants appeared specially to interpose a plea to the jurisdiction of the court, the contention being that, if the proceeding rests upon the provisions of sections 8495–8498 of the Code of 1923, a report and recommendation by the superintendent of insurance to the Attorney General is a condition precedent, and a further plea to the effect that the Attorney General was without interest in the subject-matter, and had no authority in any event to institute a suit of this character. The learned chancellor sustained the sufficiency of the plea to the jurisdiction of the court. From this decree complainant has appealed.

We pass by the question as to whether or not the matter is properly presented by a plea to the jurisdiction, and proceed to a consideration of the cause upon its merits.

[1, 2] We are of the opinion the above-noted sections 8495–8497 are without application to this bill. These sections look to quo warranto proceedings leading to a final dissolution of the order and a closing up of its

affairs. Such is not the purpose of this proceeding. Its object is the protection and preservation of a trust fund, which is being depleted and dissipated fraudulently and wrongfully, to the irreparable injury of policyholders who have a property right interest in such funds. Very clearly, a policyholder under these circumstances has the right to invoke equity's jurisdiction for the protection of trust funds, and may maintain a bill of this character: Howze v. Harrison, 165 Ala. 150, 51 So. 614; Jasper Land Co. v. Waller, etc., 123 Ala. 652, 26 So. 659; 1 Pom. Eq. Jur. (4th Ed.), § 151; Thos. A. Edison v. Edison Phonograph Co., 52 N. J. Eq. 620, 29 A. 195; Chicago Mut. Life Ass'n v. Hunt, 127 Ill. 257, 20 N. E. 55, 2 L. R. A. 549.

In such a proceeding the policyholder would not seek a dissolution of the order, but that a court of equity, through the appointment of a receiver, take charge to prevent a further misappropriation and waste of the trust fund and protect the same, to the end that the defendant order and endowment department might continue to function, and be carried on as a "going concern," and the contracts of insurance should be upon a sound financial basis, and "executed in their fullest integrity."

[3] The bill was filed in the name of, and by, the Attorney General, evidently out of regard to the language of section 8498, Code of 1923, which reads as follows:

"No application for injunction against, or proceedings for the dissolution of, or the appointment of a receiver for any such domestic society or branch thereof shall be entertained by any court in this State, unless the same is made by the Attorney General."

Confessedly, this language, standing alone, is broad and comprehensive, but it must be construed in view of its relation to the context. The statutory provisions constitute but a codification of the Act of April 24, 1911, p. 700, these particular provisions being found in sections 24 and 25 of said act, and bearing the same relation therein as found in the present Code. It will be noted that the preceding provisions of the Code, just as in the original act, authorize both injunctive proceedings and appointment of receivers, and section 8498, in restricting such application to the office of the Attorney General, clearly to our minds had reference to the quo warranto and dissolution proceeding provided for in the preceding sections. We are of the opinion it was not the legislative purpose to attempt any restriction upon the right of a policyholder, having so vital an interest in the subject-matter, to go into a court of equity and seek preservation of such interest and a protection of the trust funds under the well-recognized doctrine of the authorities noted. That right exists and continues in the policyholders, and these statutory provisions were intended in no manner to affect or restrict the same.

So construing section 8498 in connection with the preceding sections of the Code, therefore, it appears these statutes are without influence upon a case of this character, and that litigation as to the matters set up in the bill is open to any aggrieved policyholder, and without regard to participation on the part of any state official.

[4] It results, therefore, as our view, that this bill cannot be maintained by the Attorney General, and that the plea to the jurisdiction was properly sustained.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.