(127 So. 813)

## DOWLING et al. v. PARKER et al.
### 4 Div. 478.

Supreme Court of Alabama.
April 10, 1930.

Sollie & Sollie, of Ozark, for appellees.

Chas. O. Stokes, of Ozark, and Weil, Stakely & Cater, of Montgomery, for appellants.

BOULDIN, J.

A mortgagor, still in possession of a mortgaged mule, negotiated a sale of same. After agreeing on the price, the mortgagor and the purchaser went to the mortgagee to arrange the satisfaction and release of the mortgage. By mutual agreement the purchaser made the check for the price payable to the mortgagee. The check being slightly in excess of the mortgage debt, the mortgagee paid to the mortgagor the difference in cash and surrendered to him the mortgage as paid.

The purchaser took possession of the mule, and on putting her to work discovered she was subject to the disease called "choking," was worthless, and died within a few days.

On discovery of the condition of the mule, the purchaser notified the payee of the check and demanded a rescission, which was re-

fused. He notified his banker not to honor the check. This is a suit on the check by payee against maker. Defendant appeals.

The evidence discloses the above-stated facts without substantial conflict, except as to whether the mule was so diseased when sold. This issue was submitted to the jury.

While there was no direct evidence that the mortgagee participated in the sale other than as above shown, the trial court submitted such inquiry to the jury.

The mortgagee denies any knowledge or information of the diseased condition of the mule. We find no evidence that he did have such information.

The assignments of error present certain refused charges drawn upon the theory that, if the mule was diseased and worthless, there was an entire failure of consideration, and plaintiff cannot recover.

When, by the terms of sale, the purchaser, as a consideration for the purchase, assumes the payment of an indebtedness due from the seller to a third person, or assumes the payment of an incumbrance on the property, without more, the rights of the creditor or incumbrancer are derivative, and subject to all defenses between promisor and promisee.

But when by agreement all round the creditor or incumbrancer releases the original debtor or surrenders his security, and accepts the new debtor instead, a new status becomes fixed. The transaction takes the form of a novation. The consideration for the new promise is the detriment to the creditor, the release of his old debtor, and securities on the faith of the new promise.

In such case neither failure of consideration as between seller and purchaser, nor fraud in which the creditor or incumbrancer does not in any way participate, is ground for rescission or a good defense as against the creditor or incumbrancer. Such must now be regarded as the declared law of Alabama, whatever be the rule elsewhere. Pugh, Stone & Co. v. Barnes, 108 Ala. 167, 19 So. 370; Georgia Home Ins. Co. v. Boykin, 137 Ala. 350, 34 So. 1012; Clark & Co. v. Nelson, 216 Ala. 199, 112 So. 819, 53 A. L. R. 173; 46 C. J. p. 582, § 16, note 49; 1 Williston on Contracts, § 353.

Defendant gains nothing by the fact that a check is deemed a conditional payment—conditioned on its being cashed. It expresses a contract of the drawer to pay, and, if not cashed because of his countermand or other cause not the fault of the payee, a suit lies as on a promissory note or other bill of exchange.

In view of the issue whether the mortgagee was participating in the sale, evidence of the effort of the mortgagor to sell the mule back to the mortgagee was a pertinent circumstance explanatory of the presence of the mule at the time in the mortgagee's mule barn. The conversation sheds some light on whether the mortgagee knew of any diseased condition of the mule. At any rate no injury to appellant in admitting this testimony appears.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.