143 So. 823

### WESTENHAVER v. DUNNAVANT et al.

### 8 Div. 385.

Supreme Court of Alabama.

Oct. 6, 1932.

Walter J. Price and Brickell & Johnston, all of Huntsville, for appellant.

Lanier & Pride, Watts & White, Taylor, Richardson & Sparkman, and Griffin & Ford, all of Huntsville, for appellees.

GARDNER, J.

As disclosed by the pleadings, one Steffen Thomas, salesman for the Citizens' Life Insurance Company, a corporation, sold to plaintiff three hundred shares of stock in said corporation for the sum of $1,500, without having first been registered as a salesman in the office of the state securities commission, as required by law (section 9896, Code 1923), and the suit is against the directors of the corporation to recover the purchase money so paid. The transaction was completely executed, and recovery could not be had without the aid of a statute. Gill Printing Co. v. Goodman, 224 Ala. 97, 139 So. 250.

Plaintiff therefore rests her cause of action upon section 9899, Code 1923, which de-

clares every sale made in violation of the provisions of the article of which it is a part shall be voidable at the election of the purchaser and provides for a liability on the part of the seller and his agent to the purchaser upon tender of the securities so purchased to the seller, for the full amount paid by the purchaser, with interest, court costs, and attorneys' fees, in any action brought thereunder. Plaintiff insists that the "Blue Sky Law" of which the above-noted Code section is a part, was enacted for the protection of the investing public against fraud, and should be given a liberal construction to effectuate the purpose of its enactment. 36 Cyc. 1173.

■■ Whether this liberal rule of construction may be applicable to some portions of the law we need not stop to inquire, as we are here concerned with said section 9899, which is not only penal in character, but is creative of a right of action in derogation of the common law. The authorities are to the effect that, while laws of this character should receive a reasonable construction with a view to effect the legislative intent, yet, being penal in nature, its provisions will not be extended by construction to include cases which are clearly outside its scope. Gutterson v. Pearson, 152 Minn. 482, 189 N. W. 458, 24 A. L. R. 519, and note; Guaranty Mortgage Co. v. Wilcox, 62 Utah, 184, 218 P. 133, 30 A. L. R. 1324. And statutory remedies for rights unknown to the common law are to be strictly construed. 36 Cyc. 1188; Crowder v. Fletcher, 80 Ala. 219.

■ To sustain plaintiff's right of action against these defendants would be to extend the statute by interpretation beyond the scope of its plain and unambiguous language and to cases not within the legislative intent, thus constituting judicial legislation, which is condemned under any rule of construction. 36 Cyc. 1175. The right of action is given by this statute (section 9899, supra) against the seller of stock and every agent of such seller who participated or aided in any way in making such sale with knowledge of its illegal character. Count 1 is properly to be construed as disclosing Steffen Thomas as the seller, and it does not charge these defendants with having any relation of agency with said Thomas in the sale of the stock. It in general terms merely charges that these defendants participated or aided in making such sale; but in what manner they so participated or what relation they bore to the seller is not made to appear. The statute under which plaintiff proceeds creates a right and provides a remedy, and, as it is in derogation of the common law, all necessary jurisdictional matters must be made to appear and cannot be aided by intendment. Crowder v. Fletcher, supra.

■ The remaining counts disclose that the defendants were directors of the corporation, and (construing the pleadings most strongly against the pleader) that they had no connection with the sale of the stock to plaintiff, but merely authorized disposition be made of the Liberty bonds—a part of the purchase price of the stock, after the completion of the sale, and before any notice of disaffirmance thereof by plaintiff or dissatisfaction on her part. These directors were not alleged to have participated or aided in the sale as agents of the seller, nor do the averments suffice to show they in fact participated in or aided in the sale in any capacity. Their mere authorization of the sale of the bonds, a part of the purchase price, after the sale had been fully completed, cannot be properly construed as aiding or participating in the sale itself, any more than could their direction to the treasurer to deposit the funds in a bank had cash and not bonds been involved.

■ Count 6 is in trover for conversion of the Liberty bonds. This count, however, fails to show plaintiff's title to the bonds at the time these defendants, as directors of the corporation, authorized their sale by the company's secretary and treasurer, and, from aught appearing therein, these bonds were lawfully in possession of the company which held the legal title thereto. Section 9899, supra, does not make a complete and executed sale as here appears void, but voidable only.

We have, for the sake of brevity, treated the case as a whole without specific treatment of each separate count of the complaint, but what has been said will be found applicable to the several counts, and suffice to disclose our conclusion that the trial court committed *no error in his rulings on the demurrers interposed.*

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.