146 So. 613

### MILLER v. BUELL et al.

8 Div. 458.

Supreme Court of Alabama.

March 9, 1933.

See, also, Buell v. Miller, 224 Ala. 566, 141 So. 223.

Griffin & Ford, of Huntsville, for appellant.

Watts & White, of Huntsville, for appellees.

ANDERSON, Chief Justice.

█ This case has been here before. 224 Ala. 566, 141 So. 223. The decree of the trial court in setting aside the conveyance of the debtor, Buell, to his wife was affirmed. Afterwards, the trial court ordered a sale of the property, and on August 11, 1932, rendered a decree, the effect of same providing for the reimbursement of the grantee Mrs. Buell's $1,500 paid by her on the Giles mortgage which was a prior lien to the complainant's judgment, and the payment of the mortgage by Mrs. Buell was assumed as a part of the consideration for the conveyance made her by her husband. The decree of September 19, 1931, did not deal with this $1,500. It was mentioned in the opinion, but not the decree. Therefore, the decree of August 11, 1932, and the one the next day explaining and modifying the one of the 11th, was such a final decree as to the allowance of this $1,-500 as will support this appeal and the motion to dismiss same is overruled.

## On the Merits.

█ As we understand, the deed was set aside because the consideration was so inadequate as to constitute constructive fraud. There was no finding that the wife was guilty of actual fraud, fraud mala fides. Therefore, the trial court had the right to require the complainant to do equity by reimbursing the appellee the sum paid by her in reducing the amount of a prior lien on the property as a condition precedent to relief. "A fraudulent grantee cannot be required to account to the creditors of his vendor for any greater. amount than the value of the property acquired by him under the transfer, and he may relieve himself from liability to the creditors of his grantor by paying to bona fide creditors a sum of money equal to the value of such property, or he may claim credit pro tanto for a smaller sum so paid." 12 R. C. L. § 148, p. 641. "If the grantee be innocent of any part in the fraud he may be allowed credit for any payments he has made in good faith." 12 R. C. L. § 150, p. 643, and note; Cottingham v. Greely Barnham Grocery Co., 129 Ala. 200, 30 So. 560, 87 Am. St. Rep. 58.

█ The appellee's answer set up the payment of a large part of the Giles mortgage debt, and the proof showed, and the trial

court found, that she had paid $1,500. This was but defensive matter bearing on the consideration of the conveyance and was available under the answer as a condition upon which the complainant would be entitled to relief. It was not such affirmative relief as required a cross-bill.

The decree of the circuit court is affirmed. Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.